Cornel MUNTEANU, Plaintiff,

v.

CITY OF BARBERTON, Barberton Fire Department, Charles T. Crangle, etc., Helen Sigmond, etc., Donald Factor, etc., Harry Hummel, etc., Defendants.

No. C86–2819A.

United States District Court, N.D. Ohio, E.D.

March 19, 1987.

Craig E. Willis, Cleveland, Ohio, for plaintiff.

Michael J. McNulty, Barberton, Ohio, for defendants.

MEMORANDUM OF OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OVERRULING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

KRENZLER, District Judge.

The plaintiff, Cornel Munteanu, commenced the instant suit on July 3, 1986. In his complaint, the plaintiff alleges that the defendants denied his constitutional rights to sit for the City of Barberton Fire Department examination because of his age in violation of 42 U.S.C. § 1983, the Equal Protection Clause of the United States Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Complaint, ¶ 1. The plaintiff also raises state law claims against the defendants for intentional and negligent infliction of emotional distress, alleging that the actions of the defendants caused him to sustain emotional distress and humiliation. Complaint, ¶ 18.

Both sides have filed motions for summary judgment on the issue of whether Barberton's statutory prohibition against the hiring of firefighters who are 31 years of age or older violates the plaintiff's constitutional rights. The defendants filed their motion for summary judgment on March 5, 1987, along with several exhibits, including the affidavit of Charles T. Crangle, the Director of Public Safety and Personnel for the City of Barberton. The plaintiff filed his motion for summary judgment on March 6, 1987. The plaintiff's sole exhibit attached to his motion for summary judgment is a copy of the public notice of the Barberton Fire Department examination, dated February 10, 1986. The plaintiff also has filed a response to the defendants' motion for summary judgment.

For the reasons provided below, the Court grants defendants' motion for sum-

mary judgment and overrules plaintiff's motion for summary judgment.

A review of the pleadings, and the exhibits and affidavit attached to the parties' motions for summary judgment, reveals the following undisputed facts. During the month of February 1986, the plaintiff attempted to apply to take the Barberton Civil Service examination for new firefighters, which was given on March 15, 1986. The public notice of the examination posted by the Barberton Civil Service Commission included the following provision: "No person shall be able to receive an original appointment on or after his/her 31st birthday." Plaintiff's Exhibit 1. Since the plaintiff's age was in excess of that permitted by law, he was not permitted to sit for the March 15, 1986 firefighters examination.

The City of Barberton is a charter municipality under the laws of the State of Ohio. Section 6.04(b) of the Barberton Charter states: *"Civil Service Commission.* There shall be a Civil Service Commission as provided in Chapter 124 of the Revised Code or otherwise by general law." Ohio Rev. Code Ann. § 124.42, which sets forth the qualifications for appointment as a firefighter, provides in relevant part: "No person shall be eligible to receive an original appointment on and after his thirty-first birthday. Notwithstanding this section, a municipal council may enact an ordinance providing that a person between the age of eighteen and thirty-six may receive an original appointment to the fire department,...." *See* Exhibits to Defendants' Motion for Summary Judgment. In his affidavit, Charles T. Crangle states that the Barberton City Council has not passed an ordinance extending the maximum hiring age.

■ In his complaint, the plaintiff alleges that the actions of defendants are in violation of 42 U.S.C. § 1983 because the defendants have arbitrarily and capriciously set upper age limits "to deny Plaintiff and others equal right and access to said application for employment." Complaint, § 17. Since strict judicial scrutiny is not triggered by plaintiff's equal protection challenge under § 1983, *see Massachusetts Board of Retirement v. Mungia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976), the proper standard by which to determine whether the instant age classification violates the plaintiff's constitutional rights to equal protection is whether such classification is "rationally related to furthering a legitimate state interest." *Id.* at 312.

■ In his affidavit, Charles T. Crangle states that Barberton's policy of not hiring new firefighters after they have attained the age of 31 "helps to ensure that new firefighters hired by the City of Barberton will be physically fit and capable of performing their duties for a reasonable number of years prior to retirement." The defendants cite two similar cases in support of their position that the above policy is rationally related to furthering a state interest. *See Doyle v. Suffolk County,* 786 F.2d 523 (2d Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 98, 93 L.Ed.2d 49 (1986) (upholding constitutionality of 29–year-old cutoff for policemen); *Arritt v. Grisell,* 567 F.2d 1267 (4th Cir.1977) (upholding constitutionality of 35–year-old cutoff for policemen).

Upon consideration, this Court concludes that the plaintiff's constitutional claims must be rejected. The state interest sought to be advanced by the maximum age provision is the recruitment of firefighters physically fit and capable of performing their duties for a reasonable number of years prior to retirement. The Court finds that this is a legitimate state interest. Furthermore, denying appointment to those who have reached age 31 is rationally related to that state interest. It is rational for the City Council of Barberton to believe that the physical abilities to perform the duties of a firefighter decline beyond age 31. While this Court recognizes that many persons above the age of 31 can perform the job of firefighter adequately, the City Council could rationally conclude that individual physical testing of those candidates 31 and older would yield a proportionately smaller group of qualified candidates than testing of those between 18 and 31. The City Council, therefore,

could decide that the limited financial resources of Barberton would be best used if only applications were taken from that group most likely to yield qualified candidates. *See Doyle,* 786 F.2d at 529–30.

The Court realizes that selecting age 31 as a cutoff may seem to approach the limits of rationality when applicants aged 30 are compared to applicants aged 31. However, once the City Council decided to establish a cutoff, some line had to be drawn. It is within the province of the Barberton City Council to exercise its best judgment. As stated by the court in *Doyle,*

> two considerations must be borne in mind. First, "in a case like this 'perfection is by no means required.'" Second, the legislature was entitled to consider the advantages of limiting appointment to those more likely to remain physically able to perform the duties … for a substantial period of time.

*Id.* at 529 (citations omitted).

For the reasons provided above, the Court concludes that Barberton's policy of not hiring new firefighters after they have attained the age of 31 is rationally related to its legitimate interest in recruiting firefighters physically fit and capable of performing their duties for a reasonable number of years prior to retirement. Accordingly, the Court grants the defendants' motion for summary judgment as to plaintiff's federal claims, and overrules plaintiff's motion for summary judgment, pursuant to Fed.R.Civ.P. 56. Since no federal claims remain, the Court further declines to exercise its pendent jurisdiction over the pending state tort law claims and dismisses them, without prejudice. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

IT IS SO ORDERED.