**Dena M. CZUPIH, et al., Plaintiffs,**

**v.**

**CARD PAK INCORPORATED, et al., Defendants.**

**No. 1:94CV1883.**

United States District Court,
N.D. Ohio,
Eastern Division.

Feb. 22, 1996.

Dennis LoConti, George Forbes, Forbes, Forbes & Assoc., Cleveland, OH, for plaintiffs.

Richard C. Haber, Cleveland, OH, for defendants.

## MEMORANDUM OF OPINION AND ORDER

NUGENT, District Judge.

This matter is before this Court on Defendant, Randy Shamblin's, Motion to Dismiss (Doc. # 20) Plaintiffs' amended complaint against him in his individual capacity pursuant to FED.R.CIV.P. 12(b)(6). Plaintiffs have filed a Brief in Opposition to Defendant's Motion (Doc. # 23). For the reasons that follow, Defendant's Motion to Dismiss (Doc. # 20) as it pertains to the issue of the individual liability of Plaintiff's supervisor, Randy Shamblin is **GRANTED.**

### I.

The Plaintiffs, Dena Czupih and John Czupih, are husband and wife. Both Plaintiffs were employees of Defendant, Card Pak Inc. By way of complaint, Mrs. Czupih makes numerous allegations of sexual harassment toward her supervisor, Defendant, Randy Shamblin. Mr. Shamblin claims that the Court should dismiss all of Plaintiffs causes of action as they pertain to his individual liability. Plaintiffs' first, second, third and fourth causes of action are all brought pursuant to Title VII. Plaintiffs' fifth cause of action alleges race discrimination in violation of 42 U.S.C. § 1981. Plaintiffs' sixth cause of action alleges a violation of 42 U.S.C. § 12102, the American with Disabilities Act ("ADA"). Plaintiffs' seventh cause of action[1] alleges intentional infliction of severe emotional distress. Plaintiffs' eighth cause of action is a state discrimination claim brought pursuant to OHIO REV.CODE ANN. § 4112.01 (Anderson 1994). Plaintiffs' ninth cause of action sounds in common law tort and their tenth cause of action is a loss of consortium claim brought by Mr. Czupih.

### II.

A brief discussion of the facts underlying this case is as follows:

Plaintiff, Mrs. Czupih, alleges that shortly after she began working for Card Pak Inc., Defendant, Mr. Shamblin, began to make lewd and sexually suggestive remarks to her on numerous occasions. Moreover, Mrs. Czupih contends that Mr. Shamblin regularly used profane language when addressing her and other female employees. Specifically, Mrs. Czupih asserts that Mr. Shamblin told other employees that she was having sex with a Black male employee. Further, Mrs. Czupih contends that Mr. Shamblin told her husband and other employees that she was having sex with Mr. Shamblin. In addition to these allegations, Mr. Czupih claims that Mr. Shamblin regularly touched her body in an offensive manner, often rubbing his hands over her breasts.

In June 1993, Mrs. Czupih complained to the Plant Manager, Cheryl Jerome, about Mr. Shamblin's conduct. Mrs. Czupih contends that in retaliation for her complaint, Mr. Shamblin required her to perform duties

---

1. Plaintiffs' Amended Complaint (Doc. # 14) contains a clerical error that improperly designates two causes of action as the "Sixth Cause of Action". For this reason, the Court will consider the second listed cause of action "Sixth Cause of Action" as Plaintiffs Seventh Cause of Action. Hence, Plaintiffs' cause of action listed as the Seventh Cause of Action will be considered the Eighth Cause of Action, etc.

that no other worker was required to perform. Mrs. Czupih contends that she suffered a nervous breakdown in July, 1993, as result of this harassment by Mr. Shamblin. As a result of her claimed psychological damage, Mrs. Czupih claims that her physician instructed her not to return to work on November 16, 1993.

On December 2, 1993, Mrs. Czupih filed a charge with the Ohio Civil Rights Commission. On January 7, 1994, Card Pak Inc., forwarded a letter of termination to Mrs. Czupih. A Right to Sue Letter was issued by the Ohio Civil Rights Commission on June 20, 1994. On September 13, 1994, Plaintiffs filed their original complaint and, with leave of court, filed their First Amended Complaint on January 31, 1995. In their Amended Complaint, Plaintiffs seek declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2001 and 2002 and 42 U.S.C. § 2000e, *et seq.* Plaintiffs also seek compensatory and punitive damages pursuant to 42 U.S.C. § 2000e–5, as amended by The Civil Rights Act of 1991, §§ 102(b)(1), (2) and (3), Equal Pay Act of 1963, 29 U.S.C. § 206(d), the American with Disabilities Act, 42 U.S.C. § 12101, *et seq.* as well as 42 U.S.C. § 1981, as amended. Defendant, Randy Shamblin, filed his Motion to Dismiss on June 6, 1995. Thereafter, pursuant to the protocol adopted for the creation of a docket, this case was transferred to the docket of Judge Donald C. Nugent. The present motion was then fully briefed by the parties and submitted to the Court for disposition.

### III.

■ On a motion brought under FED. R.CIV.P. 12(b)(6), this Court's inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See, e.g., Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808 (3rd Cir. 1990). In evaluating a motion for dismissal under Rule 12(b)(6), the Court must "consider the pleadings and affidavits in a light most favorable to the plaintiff." *Jones v. City of Carlisle, Ky.,* 3 F.3d 945, 947 (6th Cir.1993)

(quoting *Welsh v. Gibbs,* 631 F.2d 436, 439 (6th Cir.1980), *cert. denied,* 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See, e.g., City of Heath, Ohio v. Ashland Oil, Inc.,* 834 F.Supp. 971, 975 (S.D.Ohio 1993). This Court will not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

### IV.

■ In his Motion to Dismiss, Defendant asserts that the Plaintiffs cannot maintain an action against a supervisor in his individual capacity under State or Federal Civil Rights Laws. Plaintiffs, by way of response, acknowledge that the Sixth Circuit Court of Appeals has not yet ruled on this issue. However, they request this Court to review the emerging law in the District Courts of the Sixth Circuit as well as other Circuit Courts to determine the issue of supervisor liability.

As mentioned above, both parties correctly state in their briefs that the Sixth Circuit has yet to rule on the issue of individual liability presently before this Court. Nowhere can this more plainly be seen than in the recent ruling of *Wilson v. Nutt,* 69 F.3d 538, (6th Cir.1995), where the Circuit Court held:

"[T]he [District] court adopted the position of the majority of circuits holding that Title VII does not provide for individual liability. The Sixth Circuit has not directly addressed this issue, and we need not do so in this case."

This Court notes that without this guidance the District Courts of this Circuit have come to varied conclusions regarding the issue of an individuals' personal liability under Title VII. *Compare e.g., Winston v. Hardee's Food Systems, Inc.,* 903 F.Supp. 1151, 1152–53 (W.D.Ky.1995); *Ryan v. City of Highland Heights,* 1995 WL 584733 (N.D.Ohio 1995); *Redman v. Lima City*

*School Dist. Bd. Of Educ.,* 889 F.Supp. 288 (N.D.Ohio 1995); *Bremiller v. Cleveland Psychiatric Institute,* 879 F.Supp. 782, 787 (N.D.Ohio 1995); *Johnson v. Univ. Surgical Associates,* 871 F.Supp. 979, 982–985 (S.D.Ohio 1994); *Wilson v. Wayne County,* 856 F.Supp. 1254, 1261–63 (M.D.Tenn.1994); *Lowry v. Clark,* 843 F.Supp. 228, 229–30 (E.D.Ky.1994).

As the court in *Wilson v. Nutt, supra,* and Plaintiff herein clearly point out, the Circuits throughout the country disagree on the issue of individual liability as it pertains to Title VII, the ADEA and the ADA. However, upon thorough review of the relevant case law from the district courts, the Sixth Circuit and other circuits, this Court finds that the majority of the courts in this country have found that individual defendants (such as Mr. Shamblin) with supervisory control over a plaintiff may not be held personally liable under Title VII as Amended by the Civil Rights Act of 1991. *See, e.g., Tomka v. Seiler Corp.,* 66 F.3d 1295, 1312 (2nd Cir. 1995) ("... individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."); *Grant v. Lone Star Co.,* 21 F.3d 649, 652 (5th Cir.) cert. denied, —— U.S. ——, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994) (Title VII does not permit imposition of liability upon an individual unless they meet Title VII's definition of employer); *E.E.O.C. v. AIC Security Investigations, Ltd.,* 55 F.3d 1276 (7th Cir. 1995) ("... individuals not subject to liability under the A.D.A."); *Lenhardt v. Basic Institute of Technology, Inc.,* 55 F.3d 377 (8th Cir.1995) ("... supervisors, managers not subject to individual liability"); *Miller v. Maxwell's International, Inc.,* 991 F.2d 583, 588 (9th Cir.1993) ("... individuals cannot be held liable for damages under Title VII and ADEA"); *Greenlaw v. Garrett,* 59 F.3d 994 (9th Cir.1995) ("... no personal liability for employees under Title VII"); *Sauers v. Salt Lake County,* 1 F.3d 1122 (10th Cir.1993) ("... under Title VII, suits against individuals must proceed in their official capacity; individual capacity suits are inappropriate."); *Busby v. City of Orlando,* 931 F.2d 764 (11th Cir.1991) ("... the relief granted under Title VII is against the employer, not individual employees whose actions would constitute a violation of the act."); *Gary v. Long,* 59 F.3d 1391, 1400 (D.C.Cir.1995) (Title VII does not impose individual liability on supervisory employees). Despite a few contrary holdings of other circuits, this Court finds the rationale and interpretation of the majority to be substantially more persuasive.

In so finding, this Court is compelled to reiterate the rationale set forth in *AIC Security,* 55 F.3d 1276 (7th Cir.1995). Holding that individual liability does not exist under the ADA, the Seventh Circuit considered the effect of the Civil Rights Act of 1991, and stated as follows:

> [W]e conclude the opposite, namely that the Civil Rights Act of 1991 further shows that Congress never intended individual liability. First, at the time it defined "employer" in the ADA, Title VII, and the ADEA, Congress granted only remedies that an employing entity, not an individual, could provide. It is a long stretch to conclude that Congress silently intended to abruptly change its earlier vision through an amendment to the remedial portions of the statute alone.

> \*     \*     \*     \*     \*     \*

> The employing entity is still liable, and that entity and its managers have the proper incentives to adequately discipline wayward employees, as well as to instruct and train employees to avoid actions that might impose liability. *See Miller,* 991 F.2d at 588. It is true that increasing the number of potentially liable defendants would increase deterrence, as businesses put more resources into avoiding liability and plaintiffs saw more potentially liable parties and had a greater incentive to sue in marginal cases. But Congress has struck a balance between deterrence and societal cost, and we will not upset that balance. We do not doubt that the employment discrimination statutes have broad remedial purposes and should be interpreted liberally, but that cannot trump the narrow, focused conclusion we draw from the structure and logic of the statutes. A liberal construction does not mean one that flies in the face of the structure of the statute. *See Hudson [v.*

*Soft Sheen Products, Inc.],* 873 F.Supp. [132] at 136 [ (N.D.Ill.1995) ] ("[W]e cannot reverse course in the face of some vague, aspirational broad intent. Congress had lofty goals but provided limited means for reaching those goals. Individual liability was not one of them").

*U.S. E.E.O.C. v. AIC Security Investigations, Ltd.,* 55 F.3d 1276, 1281–82 (7th Cir. 1995).

■ As so clearly expressed by the Seventh Circuit in *AIC,* the purpose of Title VII was to prohibit employer discrimination. This Court recognizes the rationale set forth by some other Courts in concluding that individual liability does exist under Title VII. *See Johnson v. Univ. Surgical Associates, supra.* However, this Court cannot agree with the minority's view that Congress intended individuals to be liable under Title VII, as amended by the Civil Rights Act of 1991. The Congressional imposition of liability is clearly set forth by Congress' limitation of Title VII to employers with more than 15 employees. 42 U.S.C. § 2000e(b). If Congress had intended individuals to be liable, it would have been more express and clear in its wording of the amendments set forth in the Civil Rights Act of 1991. Nowhere within those amendments does Congress provide an avenue for an individual to be held personally liable for violations of Title VII.

### V.

■ Additionally, the Court takes notice of Plaintiff's fifth cause of action alleging race discrimination pursuant to 42 U.S.C. § 1981. Pursuant to FED.R.CIV.P. 8(a), a pleading must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's fifth cause of action states that defendants' conduct as alleged in the complaint "constitutes unlawful racial discrimination." The court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Jones v. City of Carlisle, Ky., supra.* However, mere conclusions need not be accepted as true under this standard. *Ana Leon T. v. Federal Reserve Bank,* 823 F.2d 928, 930 (6th Cir.), *cert. denied,* 484 U.S. 945, 108 S.Ct. 333, 98 L.Ed.2d 360 (1987). Moreover, a complaint may be dismissed *sua sponte* as frivolous provided plaintiff is afforded an opportunity to correct deficiencies in the complaint. *See Harris v. Johnson,* 784 F.2d 222, 224 (6th Cir.1986); *Tingler v. Marshall,* 716 F.2d 1109, 1111–12 (6th Cir.1983). A complaint is frivolous where plaintiff has failed to present a claim with an arguable or rational basis in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989); *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir.1990). In determining whether a claim is frivolous, a court need not "accept as 'having an arguable basis in fact' all allegations that cannot be rebutted by judicially noticeable facts." *Denton v. Hernandez,* 504 U.S. 25, 32, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). However, "plaintiff's factual allegations must be weighted in favor of plaintiff." *Id.*

After a thorough review of the allegations set forth in Plaintiff's Complaint the Court finds no arguable basis in fact for Plaintiffs' fifth cause of action. Therefore, pursuant to the authority set forth in *Tingler, supra* at 1112, Plaintiffs' fifth cause of action is hereby **DISMISSED,** *sua sponte,* subject to the refiling of an amended complaint.

### VI.

For the reasons set forth herein, pursuant to FED.R.CIV.P. 12(b)(6), Defendant's Motion to Dismiss (Doc. # 20) Randy Shamblin in his individual capacity is **GRANTED** with respect to Plaintiffs' First, Second, Third, Fourth and Sixth causes of action arising under Title VII and the A.D.A. Moreover, because Plaintiffs' Eighth and Ninth Causes of Action, alleged violations of Ohio Revised Code § 4112.01 *et seq.* and Ohio Common Law, mirrors their Title VII causes of action, Defendant's Motion to Dismiss (Doc. # 20) Randy Shamblin in his individual capacity is **GRANTED** with respect to Plaintiffs Eighth and Ninth Causes of Action. As previously stated, Plaintiffs' Fifth Cause of Action is hereby dismissed in its entirety, subject to the refiling of an amended complaint.

IT IS SO ORDERED.

## *ORDER*

Pursuant to the Opinion & Order (Doc. # 35) entered by this Court on February 22, 1996, the Plaintiffs First, Second, Third, Fourth, Sixth, Eighth and Ninth Causes of Action present within Plaintiffs First Amended Complaint (Doc. # 14) are **DISMISSED** with respect to Defendant, Randy Shamblin, in his individual capacity. In addition, the Fifth Cause of Action present within Plaintiffs First Amended Complaint (Doc. # 14) is hereby **DISMISSED** in its entirety.

Accordingly, the following causes of action survive:

1) Plaintiff's First, Second, Third, Fourth, Sixth, Eighth and Ninth Causes of Action as they pertain to all named Defendants other than Randy Shamblin, individually.

2) Plaintiff's Seventh Cause of Action for intentional infliction of emotional distress against Defendant, Randy Shamblin, individually.

3) Plaintiff's Tenth Cause of Action for loss of consortium against all named Defendants, including Defendant, Randy Shamblin, individually.

IT IS SO ORDERED.