Debbie L. GAUSMANN, Plaintiff,

v.

CITY OF ASHLAND, et al., Defendants.

No. 1:95–CV–2375.

United States District Court,
N.D. Ohio,
Eastern Division.

April 15, 1996.

636

James H. Banks, Dublin, OH, for Debbie
L. Gausmann.

Richard P. Wolfe, II, Ashland, OH, Gregory G. Baran, Baran, Piper, Tarkowsky & Fitzgerald, Mansfield, OH, Steven William Ritz, Todd M. Raskin, Mazanec, Raskin & Ryder, Solon, OH, for City of Ashland, Ohio, and Mark Burgess.

Richard P. Wolfe, II, Ashland, OH, Steven William Ritz, Todd M. Raskin, Mazanec, Raskin & Ryder, Solon, OH, for Ashland City Fire Department.

## MEMORANDUM AND ORDER

O'MALLEY, District Judge.

 Plaintiff Debbie Gausmann brings this action against the City of Ashland ("Ashland") and its Fire Chief, Mark Burgess, in his individual and official capacities. Gausmann alleges that she twice applied to Ashland for employment as a firefighter, but was denied employment both times for illegal reasons. Gausmann mixes and matches several theories of liability in her complaint, but apparently makes the following claims: (1) violation of Ohio Rev.Code § 4112; (2) violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.;* (3) violation of 42 U.S.C. § 1983, through denial of her right to equal protection of the laws, guaranteed by the Fourteenth Amendment; (4) violation of 42 U.S.C. § 2000e ("Title VII"); and (5) punitive damages.[1]

Defendants have filed a motion to dismiss in part. Specifically, defendants seek to dismiss only these claims: (1) Gausmann's Title VII claim against all defendants; (2) the punitive damages claim against all defendants; and (3) all claims against the Fire Chief in his individual capacity (docket no. 4).

For the reasons set forth below, the motion to dismiss in part is **GRANTED.**

### I.

The Court accepts the following allegations as true for purposes of this ruling. Gausmann, who is 47 years old, is currently a paramedic/firefighter employed by Madison Township. In April of 1993, she applied to Ashland for the position of volunteer firefighter. She was not hired. Instead, defendants hired three younger males for the position, although she was more qualified than the males.

Later, in August of 1994, Gausmann applied to Ashland for the position of firefighter/paramedic. Gausmann scored second out of 66 persons who took the civil service examination, a required part of the employment application process. Again, however, defendants did not hire Gausmann; defendants told her that she was too old for the position. Gausmann alleges this excuse was pretextual, however, because defendants had stated to a male applicant that they would "waive" the age requirement that had disqualified Gausmann. Gausmann also alleges Burgess stated "there is no place for women in fire service."

Gausmann filed a charge of discrimination with the Ohio Civil Rights Commission ("OCRC") and the Equal Employment Opportunity Commission ("EEOC").[2] After 180 days had passed without any agency action, Gausmann requested and received a "right to sue letter" from the EEOC.

---

**1.** Conceivably, the complaint could also be read to assert a claim for negligent and/or intentional infliction of emotional distress. In their motion to dismiss, however, defendants characterized the complaint as containing only the above-listed claims, and plaintiff did not object. Accordingly, the Court holds that plaintiff has not stated a claim for infliction of emotional distress. In any event, it is clear that such a claim would fail because Gausmann has not and cannot allege facts showing that "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances of the case." *Gagne v. Northwestern Nat. Ins. Co.,* 881 F.2d 309, 317 (6th Cir. 1989). Claims of emotional distress are routinely dismissed in the context of termination of

employment. *Flynn v. Fahlgren & Swink, Inc.,* 746 F.Supp. 729, 731 (S.D.Ohio 1990). In addition, Parker has not alleged she was in fear of an actual physical peril, as she must to prevail on a claim of negligent infliction of emotional distress. *Heiner v. Moretuzzo,* 73 Ohio St.3d 80, 652 N.E.2d 664 (1995).

**2.** Gausmann alleges that she filed a charge of "sex and age discrimination." Complaint at ¶31. *The Court cannot accept this allegation as true, however, as the administrative charge—which is attached as an exhibit to the complaint—clearly makes a claim only of age discrimination.* See discussion below in section III(A)(1) of this opinion.

## II.

In deciding a motion to dismiss under Rule 12(b)(6), the Court must take all well-pleaded allegations in the complaint as true and construe those allegations in a light most favorable to the plaintiff. *Summit Health, Ltd. v. Pinhas,* 500 U.S. 322, 325, 111 S.Ct. 1842, 1845, 114 L.Ed.2d 366 (1991); *Dana Corp. v. Blue Cross & Blue Shield Mut.,* 900 F.2d 882 (6th Cir.1990); *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485, 489 (6th Cir.1990). However, the Court need not accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 2944, 92 L.Ed.2d 209 (1986). A well-pleaded allegation is one that alleges specific facts and does not merely rely upon conclusory statements. The Court is to dismiss the complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

## III.

### A. *Gausmann's Title VII Claim Against All Defendants.*

#### 1. *Scope of the Administrative Charge.*

In her administrative charge of discrimination filed with the OCRC and EEOC, Gausmann answered the question "CAUSE OF DISCRIMINATION BASED ON (check appropriate box(es))" by checking the box marked "AGE." She did not check the box marked "SEX." In detailing her charge, Gausmann wrote that defendants "disqualified [her] for hire to the [Paramedic Fire Fighter] position because of my age, 45, in violation of the Age Discrimination in Employment Act." Complaint Ex. A at 1. The affidavit Gausmann attached to her charge contains an identical statement, and makes several allegations in support of a claim of age discrimination. Nowhere in her charge or affidavit, however, does Gausmann make any claim of gender discrimination, nor does she tender any allegations that could be viewed as supportive of a claim of gender discrimination. Indeed, the only reference to gender in the charge or affidavit is contained in the affidavit's blank line that Gausmann was required to fill in with the word "female," to describe her gender.

In the motion to dismiss, defendants note that Title VII forbids discrimination based on "race, color, religion, sex, or national origin"—and *not* age. 42 U.S.C. § 2000e–2(a). Defendants further note that a plaintiff may not proceed on a claim for discrimination forbidden under Title VII unless she first files an administrative charge. *Romain v. Kurek,* 836 F.2d 241, 245 (6th Cir.1987). Defendants thus conclude that, because Gausmann did not file an administrative charge of discrimination forbidden by Title VII, her claim that defendants violated Title VII by discriminating against her on the basis of her gender must be dismissed.

Gausmann responds by arguing that she is not limited to bringing a claim for only the type of discrimination detailed in her administrative charge. Rather, her complaint may allege discrimination claims limited only by the "scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination." *Farmer v. ARA Services, Inc.,* 660 F.2d 1096, 1105 (6th Cir. 1981); *E.E.O.C. v. Bailey Co., Inc.,* 563 F.2d 439, 447 (6th Cir.1977), *cert. denied,* 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978). Gausmann insists that the EEOC's investigation of her administrative charge of age discrimination would surely have expanded to encompass an inquiry into whether defendants had discriminated against her on the basis of gender. Defendants reply that Gausmann's charge was clearly directed to only age discrimination, and the EEOC would not have investigated whether she was the victim of gender discrimination.

In *Bailey,* the Sixth Circuit discussed the circumstances under which an EEOC investigation of a charge of one kind of discrimination might reasonably be expected to expand to include investigation of another kind of discrimination. *Bailey,* 563 F.2d at 446–47. First, the Sixth Circuit referred to the case of *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970), in which a claimant charged gender discrimination, but the "[i]nvestigation by the EEOC ... revealed that the employer discriminated against the com-

plaining party because of her national origin." *Bailey,* 563 F.2d at 447. The Sixth Circuit agreed with the *Sanchez* court that the complainant in *Sanchez* should have been permitted to state a claim for both types of discrimination "because the EEOC investigation into the charge revealed the true basis of the discrimination against the employee" and "[n]ot to allow the lawsuit would have penalized a lay person for not attaching the correct legal conclusion to her claim and thus would have constituted an improperly narrow construction of Title VII." *Id.*

The Sixth Circuit then compared the circumstances in *Sanchez* with those in *Bailey* itself. In *Bailey,* the EEOC investigated a charge of gender discrimination. The EEOC found no evidence of gender discrimination, but discovered isolated evidence of religious discrimination that had not affected the original complainant. The Sixth Circuit found that the allegations of religious discrimination later made by the EEOC "could not reasonably be expected to grow out of [the original] charge." *Id.*

This Court finds that this case presents circumstances more akin to those in *Sanchez* than in *Bailey.* *Sanchez* teaches that the EEOC could reasonably be expected to investigate whether a complainant was denied hire because the employer discriminated *against the complainant,* to the position *already at issue in the complaint,* on the basis of age, sex, or any other impermissible reason. *Bailey* teaches that it would be unreasonable to expect the EEOC to investigate whether *non-complainants* suffered discriminatory treatment unrelated to the complainant's charge. In this case, the scope of an EEOC investigation of Gausmann's age discrimination charge could reasonably be expected to expand to determine whether defendants discriminated against her, in connection with employment decisions she complained of in her EEOC charge, on the basis of gender. For this reason, and because to so hold furthers the purposes of Title VII, defendants' motion to dismiss Gausmann's Title VII claim *based*

on *the limited scope of Gausmann's initial administrative charge* is denied.

*2. Gausmann's Ineligibility for the Position.*

[9] Although the Court declines to dismiss Gausmann's Title VII claim based on the scope of her administrative charge, the Title VII claim must be dismissed on other grounds. Specifically, even if Gausmann can show defendants had a discriminatory animus toward her based on her gender, defendants would *necessarily* have made the same decision not to hire Gausmann even absent this impermissible motivation.

Ohio Revised Code § 124.42 sets an age limit of 31 for the "original appointment" of a person to the position of firefighter, but allows municipalities to extend this age limit to 36. Ashland has, in fact, extended the age limit to 36. Ashland Ord. No. 155.05 (1969). The setting of age limits pursuant to Ohio Rev.Code § 124.42 has been upheld as constitutionally valid. *Munteanu v. Barberton,* 655 F.Supp. 1357 (N.D.Ohio 1987).

At the time of the alleged discrimination by defendants, Gausmann was about 45 years old, well in excess of the age limit legally set by defendants.[3] Assuming Gausmann could show clear evidence that defendants had an illegal gender-based discriminatory animus toward her, defendants would then have to prove "that [they] would have made the same decision even if [they] had not considered the plaintiff's gender." *Cesaro v. Lakeville Comm. School Dist.,* 953 F.2d 252, 254 (6th Cir.1992) (citing *Price Waterhouse v. Hopkins,* 490 U.S. 228, 258, 109 S.Ct. 1775, 1794, 104 L.Ed.2d 268 (1989)); *Terbovitz v. Fiscal Ct. of Adair Cty. Ky.,* 825 F.2d 111, 115 (6th Cir.1987) (plaintiff must prove "that the adverse employment action would have been taken even in the absence of the impermissible motivation"). In this case, defendants were required *by law* to make the same decision. Regardless of any gender-based discriminatory animus, defendants were precluded from hiring Gausmann be-

---

3. Gausmann alleges she was 47 years old when the complaint was filed in 1995, and she applied for the firefighter positions in 1993 and 1994.

cause of her age, which exceeded the allowed maximum.

■■■ In an effort to avoid the force of Ohio Rev.Code § 124.42, Gausmann suggests she was not seeking an "original appointment" to Ashland firefighter. Gausmann argues that, because she was already a firefighter for Madison Township, her hire into the position of firefighter for Ashland would not have been an "original appointment." This argument fails; Gausmann's hire could only have been an "original appointment" or a "promotion." Ohio Rev.Code § 124.43; *cf. State ex rel. Delph v. Barr,* 1988 WL 38820 at *7 (Ohio Ct.App. Apr. 21, 1988) (where the court had to determine whether relator's hire was an "original appointment to the Greenfield Police Department or a promotion from within such department"). Clearly, Gausmann was not applying for a promotion from within the Ashland Fire Department, so she was necessarily vying for an "original appointment," to which the age limits legally applied. Accordingly, defendants' motion to dismiss Gausmann's Title VII claim against all defendants must be **GRANTED,** based on Gausmann's legal ineligibility for the positions for which she applied.[4]

### B. Punitive Damages.

Defendants argue that punitive damages are not available against a governmental agency or a governmental official sued in his official capacity. Gausmann concedes this point, stating that her "claim for punitive damages is against Mark Burgess, in his individual capacity, only." Response Mem. at 4. Accordingly, defendants' motion to dismiss Gausmann's punitive damages claim is **GRANTED** as to defendant Ashland. Gausmann's punitive damages claim against Bur-

gess in his individual capacity is addressed below.

### C. Claims Against Burgess in his Individual Capacity.

Defendants ask the Court to dismiss all claims against Fire Chief Burgess in his individual capacity. For the reasons set out below, the Court dismisses these claims.

### 1. Age Discrimination Claim.

Defendants argue that a plaintiff may not pursue a claim under the ADEA against a government worker in his individual capacity. Gausmann does not dispute this assertion, which appears to be valid. *Kizer v. Curators of University of Missouri,* 816 F.Supp. 548, 551 (E.D.Mo.1993); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510–11 (4th Cir.1994). Accordingly, the motion to dismiss Gausmann's age discrimination claim against Burgess in his individual capacity is **GRANTED.**

### 2. Gender Discrimination Claim.

For the reasons stated above in section III(A)(2) of this opinion, the motion to dismiss Gausmann's gender discrimination claim against Burgess in his individual capacity is **GRANTED.**

### 3. Ohio Statutory Claim.

■■■ Ohio prohibits age and gender discrimination through Ohio Rev.Code § 4112.02(A). Ohio courts have not squarely addressed the question of whether a plaintiff may pursue a claim under § 4112.02(A) against a government supervisor employee in his individual capacity. As noted in *Johnson,* 871 F.Supp. at 987, "Ohio courts have given

---

4. As additional grounds for dismissal of the Title VII claim against him, Burgess argues that a plaintiff may not pursue a claim under Title VII against a supervisor in his individual capacity. As the parties' briefs make clear, the courts are split on this question. *Cf. Grant v. Lone Star Co.,* 21 F.3d 649, 651–53 (5th Cir.1994) (individual public employee supervisor may not be held liable); *Bremiller v. Cleveland Psychiatric Inst.,* 879 F.Supp. 782, 787–88 (N.D.Ohio 1995) (same); *Johnson v. University Surgical Group Assocs. of* *Cincinnati,* 871 F.Supp. 979 (S.D.Ohio 1994) (individual private sector co-employee supervisor may be held liable). The Sixth Circuit has not ruled on this issue, but the "greater weight of recent authority" holds that individual liability does not exist under Title VII. *Bremiller,* 879 F.Supp. at 788. This Court agrees with the reasoning set out in *Bremiller* and the cases cited therein, and thus adds that Gausmann does not state a claim under Title VII against Burgess in his individual capacity.

at least implicit approval of individual liability by reviewing without comment cases in which co-employee supervisors were named defendants." On the other hand, the Ohio Supreme court has held that federal case law applying Title VII is generally applicable to cases involving § 4112.02(A). *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n,* 66 Ohio St.2d 192, 196, 20 O.O.3d 200, 421 N.E.2d 128 (1981).

The Court is compelled to conclude that Gausmann does not state a claim under § 4112.02(A) against Burgess in his individual capacity. The reasoning behind precluding an "individual capacity" suit under Title VII applies equally to preclude a suit under § 4112.02(A). Both statutes prohibit "employers" from discriminating. In Title VII, "the 'agent' provision in the statutory definition of 'employer' only ensures that employers cannot escape respondeat superior liability." *Bremiller,* 879 F.Supp. at 788. The "agent" provision in Title VII does not allow claims against supervisors in their individual capacity. *Id.* The Ohio statute defines "employer" to include "any person acting directly or indirectly in the interest of an employer," instead of merely using the term "agent." *Cf.* § 4112.01(A)(2); 42 U.S.C. § 2000e(b). Nonetheless, it seems equally clear that the Ohio statutory definition is meant only to ensure that employers cannot escape respondeat superior liability. Accordingly, neither statute authorizes a claim against a government supervisory employee in his individual capacity. The motion to dismiss Gausmann's Ohio statutory claim against Burgess in his individual capacity is **GRANTED.**

### 4. Section 1983 Claim.

■ Burgess asks that Gausmann's § 1983 claim be dismissed against him in his individual capacity, based on failure to state a claim for which relief can be granted. This argument is well-taken; Gausmann's § 1983 claim fails for the same reason as does her Title VII claim. Even if Gausmann can show defendants treated her differently based on her gender, defendants would *necessarily* have made the same decision not to hire Gausmann absent this impermissible treatment.

■ To prove her § 1983 claim, Gausmann must show that she was denied equal protection of the laws because her gender was "the motivating or 'but-for' factor in the decision" not to hire her. *Wright v. Phipps,* 765 F.Supp. 1544, 1547 (W.D.Va.1990). Even *assuming* Gausmann can make this showing, Burgess prevails if he can "show that an unrelated motive was an independently effective motive." *Id.* There is no question that Burgess had an unrelated and independently effective motive for declining to hire Gausmann: she was ineligible for the position as a matter of state and municipal law because her age exceeded the maximum legal limit. Accordingly, the motion to dismiss Gausmann's § 1983 claim against Burgess in his individual capacity is **GRANTED.**

### 5. Punitive Damages.

Because the Court has dismissed all other claims against Burgess in his individual capacity, the claim against him for punitive damages must also fail. Accordingly, the motion to dismiss Gausmann's punitive damages claim against Burgess in his individual capacity is **GRANTED.**

### IV.

In summary, the Court finds defendants' motion to dismiss in part well-taken. Accepting Gausmann's allegations as true, the following claims must be dismissed for failure to state a claim upon which relief can be granted: (1) the Title VII claim against all defendants; (2) the punitive damages claim against all defendants; and (2) all claims against Burgess in his individual capacity. Thus, the current status of the claims made in this case is set out in the following chart.

| | Burgess in his official capacity | Burgess in his individual capacity | City of Ashland |
|---|---|---|---|
| Title VII | DISMISSED | DISMISSED | DISMISSED |
| ORC § 4112 | not dismissed | DISMISSED | not dismissed |
| ADEA | not dismissed | DISMISSED | not dismissed |
| § 1983 | not dismissed | DISMISSED | not dismissed |
| Punitive | DISMISSED | DISMISSED | DISMISSED |

The Court also notes that those claims not dismissed were not made a subject of the motion to dismiss.

**IT IS SO ORDERED.**