**Nasser OSMAN, Plaintiff,**

v.

**ISOTEC, INC., et al., Defendants.**

**No. C–3–96–371.**

United States District Court,
S.D. Ohio,
Western Division.

March 26, 1997.

Cheryl Dayne Grant, Cincinnati, OH, for plaintiff.

Robert Thomas Dunlevey, Dunlevey, Mahan & Furry, Dayton, OH, Eric G. Kussoy, Kelly Drye & Warren, L.L.P., New York City, for defendants.

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL DISMISSAL**

DLOTT, District Judge.

This matter is before the Court on the Defendants' Motion for Partial Dismissal (doc. # 8). For reasons more fully explained below, the Defendants' Motion is **GRANTED IN PART AND DENIED IN PART**.

## I. BACKGROUND

The following description summarizes the facts as presented in the Plaintiff's complaint.

On or about October 5, 1994, the Defendants hired the Plaintiff as a temporary worker through a temporary employment agency. On or about January 3, 1995, the Defendants' hired the Plaintiff as a permanent salaried employee as an Analytic Chemist. The Plaintiff's supervisor is the individual Defendant in this action, Sze–Cheung Ho.

On June 23, 1995, Isotec's President, Vincent Avona, informed the Plaintiff that he would be laid off. The Plaintiff was the only employee laid off at that time and he was apparently informed that he was selected for lay off because he was the most newly hired employee. The Defendant Isotec hired "two or more native white Americans" on or about three weeks before and/or subsequent to the Plaintiff's termination.

The Plaintiff alleges he was subjected to a racially hostile work environment and that the Defendants discriminated against him because of his race, national origin and/or ancestry. The Plaintiff further alleges that the hostility of his work environment intensified immediately following the Oklahoma City federal building bombing.

The Plaintiff is alleging violations of Title VII, 42 U.S.C. § 1981, Ohio Rev.Code § 4112.02, and is also alleging negligent and/or intentional infliction of emotional distress and tortious interference with a business relationship. The Plaintiff seeks declarative relief, injunctive relief, and monetary damages.

## II.  LEGAL STANDARDS

### A.  Fed.R.Civ.P. 12(b)(6)

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).  All well-pleaded allegations must be taken as true and be construed most favorably toward the nonmovant. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a complaint's factual allegations, *Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir.1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987).  Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an unsurmountable bar on the face of the complaint.  Because a Rule 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it, *Haffey v. Taft,* 803 F.Supp. 121, 127 (S.D.Ohio 1992)(citing *Roth Steel Prods. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983)), the focus is on whether the plaintiff is entitled to offer evidence to support the claims, rather than on whether the plaintiff will ultimately prevail. *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686; *Haffey,* 803 F.Supp. at 127.

### B.  Conversion of 12(b)(6) Motion to Motion for Summary Judgment

The Court has considered only the parties' filings in deciding this motion for partial dismissal; thus, this motion has not been converted to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b).

### C.  Individual Liability Under Ohio Rev. Code § 4112.02

Ohio Rev.Code § 4112.02 sets forth unlawful discriminatory practices, and Ohio Rev. Code § 4112.99 authorizes a civil cause of action for violations of § 4112.02. In relevant part, § 4112.02 states: "It shall be an unlawful discriminatory practice ... [f]or any employer, because of race, color, religion, ... national origin, ... or ancestry of any person, to discharge without just cause, to refuse to hire, or otherwise to discriminate against that person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment."

Ohio Rev.Code § 4112.01 defines the key term "employer." " 'Employer' includes ... any person employing four or more persons within the state, *and any person acting directly or indirectly in the interest of the employer.*" *Id.* (emphasis added).

█  The Plaintiff argues that he states a claim upon which relief may be granted against the individual Defendant Sze–Cheung Ho,[1] and that Mr. Ho should be held individually liable for his alleged discriminatory practices.  There are at least two reasons why the Plaintiff states no claim under Ohio Rev.Code § 4112.02 against Mr. Ho.

First, employers themselves have long been found to be liable for discriminatory practices in employment.  Likewise, employers have found themselves to be liable for the discriminatory practices of certain individuals, namely, their employees and agents through the doctrine of respondeat superior. However, individuals themselves generally have not been found liable in their individual capacity.  The Plaintiff argues that the clause "any person acting ... in the interest of the employer" authorizes a cause of action against an individual in his or her individual capacity.

The clause "any person acting ... in the interest of the employer" was meant merely to clarify that respondeat superior liability could be found—that employers may be

---

1.  The Plaintiff states in his Memorandum in Opposition that he will file an amended complaint alleging violations of state law against the individual Defendant.  However, as the Court reads the Complaint, Count Four already alleges this cause of action against the individual Defendant.

found liable for the acts of their employees or agents through the doctrine of respondeat superior for the discriminatory practices of their employees or agents. *Accord, Gausmann v. City of Ashland,* 926 F.Supp. 635, 640–41 (N.D.Ohio 1996).

Second, the Supreme Court of Ohio has not addressed the issue of whether an individual employee may be held individually liable for discrimination or retaliation under Ohio Rev.Code § 4112.02. As a general matter, however, the Ohio Supreme Court has determined that federal case law interpreting Title VII is applicable to cases involving alleged violations of Ohio Rev. Code § 4112.02. *Plumbers & Steamfitters Joint Apprenticeship Comm. v. Ohio Civil Rights Comm'n,* 66 Ohio St.2d 192, 421 N.E.2d 128, 131 (1981).

Thus, in light of the overwhelming authority rejecting individual liability under Title VII as outlined below, the Court finds that there is no basis for individual liability under Ohio Rev.Code § 4112.02. Accordingly, the Plaintiff's "Count Four" is hereby **DISMISSED** for failure to state a claim upon which relief may be granted.

### D. Individual Liability Under Title VII

■ At least nine of the circuits have held that an employer's agent may not be held individually liable under Title VII. *Dici v. Commonwealth of Pennsylvania,* 91 F.3d 542, 552 (3d Cir.1996); *Haynes v. Williams,* 88 F.3d 898, 901 (10th Cir.1996); *Mason v. Stallings,* 82 F.3d 1007, 1009 (11th Cir.1996) (interpreting the term "employer" under Title VII and the ADA); *Williams v. Banning,* 72 F.3d 552, 555 (7th Cir.1995); *Tomka v. Seiler Corp.,* 66 F.3d 1295, 1313 (2d Cir. 1995); *Gary v. Long,* 59 F.3d 1391, 1399 (D.C.Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 569, 133 L.Ed.2d 493 (1995); *Greenlaw v. Garrett,* 59 F.3d 994, 1001 (9th Cir.1995); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 510–11 (4th Cir.) (interpreting the term "employer" under the ADEA), *cert. denied,* 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); *Grant v. Lone Star Co.,* 21 F.3d 649, 652–53 (5th Cir.), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 574, 130 L.Ed.2d 491 (1994); *see also Lenhardt v. Basic Institute,* 55 F.3d 377, 381 (8th Cir.1995) (holding that no individual liability exists under Missouri statute similar to the ADA).

Recent decisions of district courts within the Sixth Circuit have also found that there is no individual liability under Title VII. *Gausmann,* 926 F.Supp. at 640 n. 4; *Czupih v. Card Pak Inc.,* 916 F.Supp. 687, 690 (N.D.Ohio 1996); *Frizzell v. Southwest Motor Freight, Inc.,* 906 F.Supp. 441, 448 (E.D.Tenn.1995); *Winston v. Hardee's Food Systems Inc.,* 903 F.Supp. 1151, 1155 (W.D.Ky.1995); *Redman v. Lima City School Dist. Bd. of Educ.,* 889 F.Supp. 288, 292 (N.D.Ohio 1995). *But see Johnson v, University Surgical Group Associates,* 871 F.Supp. 979, 981–84 (S.D.Ohio 1994) (Judge Spiegel) (recognizing a split among the circuits but holding that a co-employee supervisor is personally and individually liable under Title VII for his or her own personal and individual acts of intentional discrimination); *Kramer v. Windsor Park Nursing Home Inc.,* 943 F.Supp. 844, 850 (S.D.Ohio 1996) (Judge Spiegel) (following the rationale set forth in *Johnson*).

The Sixth Circuit explicitly declined to decide this issue in a recent unpublished opinion, *Wilson v. Nutt,* 69 F.3d 538, 1995 WL 638298 (6th Cir.1995), but in a footnote stated that none of the Sixth Circuit opinions commonly cited both for and against individual liability "deals directly with the question of individual liability under Title VII." *Id.* at *2 n. 3. In the light of the overwhelming weight of recent authority, the Court finds that under Title VII a supervisor may be sued only in his or her official capacity as the agent of the employer, and not as an individual.

### III. THE PLAINTIFF'S STATE LAW CLAIMS

### A. Supplemental Jurisdiction over State Law Claims

This Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

### B. Compensability of Plaintiff's Claims Under the Workers' Compensation Act

■ Defendants argue that the Plaintiff's claims for emotional distress are barred by

the Workers' Compensation Act, Ohio Rev. Code § 4123.01, *et seq.* The claims asserted by the Plaintiff are not subject to the Act as they allege psychological injuries unrelated to physical injuries suffered as a result of a compensable work-related injury. *See Rambaldo v. Accurate Die Casting,* 65 Ohio St.3d 281, 603 N.E.2d 975, 978 (1992); *Banks v. LTV Steel Company,* 100 Ohio App.3d 585, 654 N.E.2d 439, 442 (1995). Accordingly, the Act presents no bar to recovery by the Plaintiff in this action.

## C. Negligent Infliction of Emotional Distress

■ Although the Ohio Supreme Court itself has not addressed the issue of whether a negligent infliction of emotional distress exists in the employment context, the Sixth Circuit has expressed an opinion as to what conclusion the Ohio Supreme Court would reach if they were to consider whether a cause of action for negligent infliction of emotional distress existed in the employment context. *Pearsall v. Chrysler Corp.,* No. 94–3775, 1996 U.S.App. LEXIS 2794, at * 13–15. The Sixth Circuit observed: "Ohio's appellate courts unanimously continue to refuse to recognize the tort of negligent infliction of emotional distress in an employment context, unless the claim includes elements of a 'traditional' negligent infliction claim." *Id.* at *13. The Sixth Circuit also stated: "[A]lthough the Ohio Supreme Court has not definitively settled the question, we think that, based on the law to date, that court would not recognize a separate tort of negligent infliction [of emotional distress] in an employment setting." *Id.* at * 15.

■ Thus, to state a claim upon which relief may be granted, the Plaintiff must allege facts sufficient to support each element of the "traditional" negligent infliction of emotional distress claim. To survive a motion to dismiss, the Plaintiff must allege that (1) he was a bystander to an accident, (2) he reasonably appreciated the peril of the accident, and (3) suffered serious and foreseeable emotional distress as a result of that recognition or fear of the peril. *Id.* at * 14–15 (citing *Paugh v. Hanks,* 6 Ohio St.3d 72, 451 N.E.2d 759, 761 (1983)). Construing the facts in the light most favorable to the Plaintiff, his complaint has not stated a claim for negligent infliction of emotional distress because he does not allege an accident to which he was a bystander.

Based on the above authorities, the Court finds that plaintiff has not stated a claim for negligent infliction of emotional distress in the employment context.

## D. Intentional Infliction of Emotional Distress

The Ohio Supreme Court first recognized the separate tort of intentional infliction of emotional distress in *Yeager v. Local Union 20,* 6 Ohio St.3d 369, 453 N.E.2d 666 (1983). The Court set forth the elements of the tort by adopting the Restatement version:

> One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

*Yeager,* 453 N.E.2d at 671 (citing Restatement (Second) of Torts § 46(1), at 71 (1965)). The Court held that the emotional distress alleged must be serious. *Id.* "Serious emotional distress" has been defined as emotional injury which is both severe and debilitating. *Paugh v. Hanks,* 451 N.E.2d at 761. The mental anguish suffered must be of such a nature that no reasonable person could endure it. *Pyle v. Pyle,* 11 Ohio App.3d 31, 463 N.E.2d 98, 103 (1983). In *Yeager,* the Court further stated:

> It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by "malice," or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of facts to an average member of the community would arouse

his resentment against the actor, and lead him to exclaim, "Outrageous!"

The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's [sic] feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam.

*Yeager,* 453 N.E.2d at 671–72 (citing Restatement (Second) of Torts § 46, at 73 cmt. d (1965)).

Although intentional infliction of emotional distress is not easily proved, the Court cannot say that the facts alleged in the complaint construed in a light most favorable to the Plaintiff could not support a claim of intentional infliction of emotional distress.

## IV. CONCLUSION

For reasons stated herein, the Defendants' Motion for Partial Dismissal is hereby **GRANTED IN PART AND DENIED IN PART.** The Plaintiff's fourth claim against the individual Defendant fails to state a claim upon which relief may be granted and is therefore **DISMISSED.** Likewise, the Plaintiff's sixth claim, inasmuch as it alleges *negligent* infliction of emotional distress, fails to state a claim upon which relief may be granted and is therefore **DISMISSED.** However, the Plaintiff's sixth claim, inasmuch as it alleges *intentional* infliction of emotional distress states a claim upon which relief may be granted and is therefore not dismissed.

**IT IS SO ORDERED.**