Terrell C. BEECHAM, Plaintiff–
Appellant,

v.

CITY OF ETHRIDGE; Rex Johnson,
individually, Defendants–
Appellees.

No. 00–6440.

United States Court of Appeals,
Sixth Circuit.

Nov. 6, 2001.

Before KEITH, NORRIS, and MOORE, Circuit Judges.

Terrell C. Beecham, represented by counsel, appeals a district court judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983 and state law. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Beecham sued the City of Ethridge, Tennessee, and the City Manager (Johnson), essentially claiming that: 1) the defendants terminated his employment in violation of his due process rights; and 2) the defendants breached his state law contract rights. The defendants filed a motion for summary judgment, and

Beecham filed a response in which he argued that the defendants had breached an implied contract. Upon review, the magistrate judge filed a report concluding that the defendants did not violate Beecham's due process rights, and that Beecham could not raise his breach of implied contract claim because he had not sought leave of the court to amend his complaint. Hence, the magistrate judge recommended that the district court grant the defendants' motion for summary judgment. The district court noted that Beecham did not file any objections to the report, conducted an independent review, and adopted the magistrate judge's recommendation.

Beecham has filed a timely appeal, essentially reasserting his due process claim. Although he does not reassert his original breach of contract claim, he does argues that the district court improperly concluded that his breach of "implied" contract claim was a "new" claim.

Initially, we note that Beecham does not raise on appeal his second claim. As he has not argued this issue on appeal, it is considered abandoned and not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939, 112 S.Ct. 1481, 117 L.Ed.2d 624 (1992).

■ Furthermore, Beecham has waived his right to appellate review because he did not file any objections to the magistrate judge's report and recommendation, after being expressly advised to do so. See United States v. Walters, 638 F.2d 947, 949–50 (6th Cir.1981). While waiver may be excused under exceptional circumstances in the interest of justice, Thomas v. Arn, 474 U.S. 140, 155 and n. 15, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), no such circumstances exist in this case for the following reasons.

■ The district court properly granted summary judgment to the defendants. *Davis v. Sodexho, Cumberland College Cafeteria,* 157 F.3d 460, 462 (6th Cir.1998). Beecham did not have a property interest in his job as Chief of Police. This court has stated that the first step in determining whether procedural due process has been denied is to ask "whether there exists a liberty interest or property interest which has been interfered with" by the defendant. *Jackson v. City of Columbus,* 194 F.3d 737, 749 (6th Cir.1999). If the court determines that there has been such a deprivation, the remaining question is what process is due. *Id.*

The defendants met their initial burden of showing an absence of evidence to support Beecham's claim. *Metro Communications Co. v. Ameritech Mobile Communications, Inc.,* 984 F.2d 739, 742 (6th Cir. 1993). A review of the documents relied on by Beecham clearly establish that they do not grant him a property interest in his job as Chief of Police.

■ The district court properly declined to review Beecham's breach of implied contract claim. After responsive pleadings have been served, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. Fed.R.Civ.P. 15(a). Here, the record clearly establishes that Beecham did not timely seek to amend his complaint to assert a new breach of implied contract claim. Moreover, contrary to Beecham's argument on appeal, Beecham did not adequately place the defendants on notice as to the basis for a breach of implied contract claim. Neither Beecham's original complaint nor his deposition reference concerning the defendants' past practices during the termination of two prior Chiefs of Police were adequate to indicate the basis of a breach of implied contract claim.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.