**Hazel M. DAVIS, Plaintiff–Appellant,**

v.

**SODEXHO, CUMBERLAND COLLEGE CAFETERIA, Defendant–Appellee.**

No. 97–6078.

United States Court of Appeals, Sixth Circuit.

Submitted Sept. 21, 1998.

Decided Oct. 6, 1998.

■

---

James Kinnard (briefed), Lebanon, TN, Chantal M. Eldridge (briefed), Cookeville, TN, for Appellant.

Rhonda M. Taylor (briefed), Ogletree, Deakins, Nash, Smoak & Stewart, Nashville, TN, Paul F. Beckwith (briefed), Cooley, Manion, Moore & Jones, Boston, MA, for Appellee.

Before: KENNEDY and COLE, Circuit Judges; RUSSELL, District Judge.*

KENNEDY, Circuit Judge.

Plaintiff Hazel M. Davis (hereinafter "Davis") appeals the District Court's order granting summary judgment to her employer, Sodexho, Inc. (hereinafter "Sodexho"). Davis filed the instant action alleging (1) age discrimination under the Age Discrimination in Employment Act (hereinafter "ADEA"), 29 U.S.C. §§ 621–34, and (2) worker's compensation retaliation under Tennessee law, after she received a notice of dismissal and right to sue letter from the Equal Employ-

---

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

ment Opportunity Commission. Davis had also alleged race discrimination in her complaint to the EEOC, but she did not pursue the race discrimination claim in the District Court. The District Court found that Davis both failed to exhaust her administrative remedies with regard to the age discrimination claim and failed to state a prima facie case of retaliation because she could not show a causal relationship between the filing of the worker's compensation claim and her discharge. Finding no error in the District Court's conclusion, we shall AFFIRM.

## I. FACTS AND PROCEDURAL HISTORY

Ms. Davis worked as a cook and baker in the cafeteria at Cumberland University in Lebanon, Tennessee. At the time of her discharge, Davis had worked in various capacities in food services at the school for over 27 years. Sodexho has managed the food services operation at the University since 1994. Davis' work schedule at the cafeteria varied seasonally. Davis worked full time during the academic year, but reduced hours during the summers. In fact, Davis often took a second job during the summers in order to supplement her income, but would return to work full time at the beginning of each academic year. Davis typically found out when to report for work in the fall one of two ways: either she would visit the University in order to determine her return date, or someone from the food services operation would telephone her at home to tell her when to return.

During the 1995–96 academic year, Davis was working full-time in the cafeteria as a baker. In January of 1996, she received a $30,000 worker's compensation settlement from Sodexho for injuries sustained to her hands. When summer vacation arrived, Davis' supervisor was unable to schedule Davis for more than several hours of work per week as the cafeteria's hours of operation were significantly cut back. Rather than taking the reduced schedule with Sodexho, Davis decided to take another job that would allow her to work more hours. That fall, Davis did not contact Sodexho about returning to a full-time work schedule. Her supervisor attempted to telephone Davis to recall her to work, but received a message that Davis' phone number had either been changed to an unpublished number or had been disconnected. Davis concedes that her telephone number may have changed over the summer. Eventually Davis' supervisor permanently removed her from Sodexho's payroll.

In November 1996, Davis filed a complaint with the EEOC alleging race discrimination and retaliation for having filed the worker's compensation claim. After she received a notice of dismissal and right to sue letter from the EEOC, Davis filed suit in federal court alleging age discrimination and retaliation, but she did not pursue the race discrimination claim. Sodexho filed a motion for summary judgment as to both the ADEA and retaliation claims, which was granted by the District Court. With regard to the ADEA claim, the District Court determined that Davis failed to exhaust her administrative remedies because she failed to include age discrimination in her initial EEOC complaint. The District Court also held that Davis failed to state a prima facie case of retaliation because she could demonstrate no causal relationship between the filing of the worker's compensation claim and her discharge.

## II. DISCUSSION

We review the District Court's decision granting summary judgment *de novo*, using the same standards applied by the District Court. *See Middleton v. Reynolds Metals Co.*, 963 F.2d 881, 882 (6th Cir.1992). Summary judgment is proper if the evidence submitted shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See City Management Corp. v. U.S. Chemical Co.*, 43 F.3d 244, 250 (6th Cir.1994). We consider all facts and inferences drawn therefrom in the light most favorable to the non-moving party. *Id.*

### A. Age Discrimination in Employment Act

In filing her charge of discrimination with the EEOC, Davis checked the boxes on the

form indicating "race" and "other," but not the box for "age," as the motivations for discrimination against her. In describing the discrimination, she referred only to race and retaliation because she had filed a worker's compensation claim against Sodexho and had received a sizeable settlement. Nowhere on the form did she indicate age as a potential cause of discrimination. The form merely asked for her birth date and there was a reference to the length of her employment, 30 years. Nor did any of the facts she related with respect to the charged claims, which the EEOC could reasonably be expected to investigate, relate to or suggest age discrimination.

■ Davis recognizes that she must file a charge with the EEOC before filing a complaint alleging age discrimination in federal court. Pursuant to the provisions of the ADEA, an individual must first file a charge of discrimination with the EEOC as a jurisdictional prerequisite to filing a civil action. 29 U.S.C. § 623(d); *Vinson v. Ford Motor Co.*, 806 F.2d 686, 688 (6th Cir.1986), *cert denied*, 482 U.S. 906, 107 S.Ct. 2482, 96 L.Ed.2d 375 (1987). A charge of discrimination is sufficient if it contains "a written statement sufficiently precise to identify the parties, and to describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b), 63 FR 36128. The purpose of filing a charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC so that the Commission may first attempt to obtain voluntary compliance with the law. *See EEOC v. The Bailey Co., Inc.*, 563 F.2d 439, 447 (6th Cir.1977)(citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970)), *cert. denied*, 435 U.S. 915, 98 S.Ct. 1468, 55 L.Ed.2d 506 (1978). These investigatory and conciliatory procedures notify potential defendants of the nature of plaintiffs' claims and provide them the opportunity to settle the claims before the EEOC rather than litigate them.

Courts have expanded upon the charge filing requirement, however, to provide that a party's discrimination claim in the District Court may include claims "limited to the scope of the EEOC investigation reasonably expected to grow out of the charge of dis-crimination." *EEOC v. McCall Printing Corp.*, 633 F.2d 1232, 1235 (6th Cir.1980); *Bailey*, 563 F.2d at 446. One reason for the expanded rule is that charges are frequently filed by lay complainants, and the courts recognize that subsequent actions should not be restricted by the failure of a complainant to attach the correct legal conclusion to the EEOC claim, conform to procedural technicalities, or include "the exact wording which might be required in a judicial pleading." *Bailey*, 563 F.2d at 447; *see McCall Printing*, 633 F.2d at 1235. This expanded rule does not mean, however, that plaintiffs are excused from filing charges on a particular discrimination claim before suing in federal court.

■ When the EEOC investigation of one charge *in fact* reveals evidence of a different type of discrimination against the plaintiff, a lawsuit based on the newly understood claim will not be barred. In *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970), cited with approval in *Bailey, supra*, the court allowed the plaintiff to go forward on charges of discrimination on the basis of national origin under Title VII when the charge had alleged sex discrimination. The EEOC investigation triggered by the plaintiff's charge revealed the true basis of discrimination and the court declined to penalize the lay plaintiff for failing to attach the proper legal conclusion to her claim. *Cf. Schaffrath v. Akron/Summit/Medina Private Industrial Council*, 674 F.Supp. 1308 (N.D.Ohio 1987)(plaintiff's national origin discrimination claim dismissed where charge to EEOC alleged only race and gender discrimination, the only issues actually investigated by the EEOC were those involving race and gender, and there was consequently no attempted conciliation of any claims of discrimination based upon plaintiff's national origin).

■ Similarly, where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim. In *Farmer v. ARA Services Inc.*, 660 F.2d 1096, 1105 (6th Cir.1981), several female plaintiffs who worked as "attendants" filed charges with the EEOC alleging denial of fair representa-

tion by their union in attempting to secure jobs as "servicemen," which were preferable in terms of both hourly wage and length of work day. *Id.* at 1101. Although their charges to the EEOC did not specifically allege that the wage scales in the collective bargaining agreement were discriminatory, their subsequent federal court complaint pled equal pay claims against the union. This court held that "an investigation of the attendant classification and its responsibilities in comparison with that of the serviceman classification would have led to the equal pay claims which the plaintiffs pled more explicitly in their federal court complaint," and that the plaintiffs' Title VII claims before the District Court did not exceed the scope of their administrative complaints. *Id.* at 1105.

■ In this case, Davis' age discrimination claim neither in fact grew out of the EEOC's investigation of race discrimination and retaliatory discharge claims, nor would the facts related with respect to these two claims prompt the EEOC to investigate age discrimination. Davis relies on a District Court opinion, *Gausmann v. City of Ashland,* 926 F.Supp. 635 (N.D.Ohio 1996), for support that she may still sue on her age discrimination claim. In *Gausmann,* the plaintiff filed an administrative charge alleging that she had been discriminated against on the basis of age in her attempts to apply for a position as a firefighter. *Id.* at 637. The District Court held that even though the charge to the EEOC indicated only "age" as the cause of discrimination, and the agency took no action, the plaintiff could nevertheless sue the City of Ashland and its Fire Chief for gender discrimination. The court observed that the plaintiff made no claim of gender discrimination, nor any allegations that could be viewed as supportive of a claim of discrimination, and that "the only reference to gender in the charge or affidavit was the affidavit's blank line that the plaintiff was required to fill in with the word 'female' to describe her gender." *Gausmann,* 926 F.Supp. at 638. Nevertheless, the court relied on *Sanchez* to conclude that the EEOC investigation could "reasonably be expected to expand to determine whether defendants discriminated against her . . . on the basis of gender." *Id.* at 639. Davis analogizes her own case to

*Gausmann,* reasoning that as her age should have been evident because she included her birth date and length of employment on the charge of discrimination form, and because she had checked the box on the form labeled "other," the scope of the EEOC's investigation of her race discrimination and retaliatory discharge claims "could reasonably be expected to expand" to determine whether her employer also discriminated against her because of her age. Reply Brief of Appellant, page 4.

■ We decline to follow *Gausmann* to the extent that it would permit the appellant to sue on an uncharged claim of age discrimination simply by having indicated her date of birth and length of employment in her EEOC charge, when she related no facts in her affidavit describing the "race" and "other" charges that would prompt the EEOC to investigate age discrimination, and when a claim of age discrimination did not *in fact* grow out of the investigation. That the form contains a space in which to write one's birth date is akin to the fact that it offers a space in which to write one's name—both pieces of information are requested for identification rather than investigatory purposes. It would not be reasonable, for example, to expect an EEOC investigation of sex discrimination to grow out of another charge simply because the plaintiff writes a feminine name in the space provided. As we held in *Ang v. Procter & Gamble Co.,* the scope of a plaintiff's complaint "does not automatically expand due to his membership in more than one minority group." *Ang v. Procter & Gamble Co.,* 932 F.2d 540, 546 (6th Cir.1991).

The charge filing requirement would be written out of the law, and the triggering and conciliation functions disabled, were we to accept Davis' argument. In this particular case, the charge filed did not give the EEOC sufficient notice of Davis' age discrimination claim to investigate or facilitate conciliation with her employer on that ground. We therefore agree with the District Court that, on these facts, it could not reasonably be expected that an EEOC investigation of age discrimination would grow out of Davis' charges of race discrimination and retaliatory

discharge for filing a worker's compensation claim.

### B. Retaliatory Discharge Claim

For the reasons set forth in the District Court's opinion, we also agree that Davis is unable to establish a prima facie case of retaliatory discharge under Tennessee law. The defendant has proven the absence of a genuine dispute of material fact concerning essential elements of Ms. Davis' claims and summary judgment is appropriate.

### III. CONCLUSION

Having carefully considered the record on appeal, the briefs of the parties, and the applicable law, we are not persuaded that the District Court erred in granting defendant's motion for summary judgment. Accordingly, the judgment of the District Court is AFFIRMED.