**P. Edwin MELVIN, Plaintiff–Appellant,**

v.

**KNOLL, INC., a Delaware Corporation; the Knoll Group, a subsidiary of Westinghouse Electric Corporation, a Pennsylvania Corporation, Defendants–Appellees.**

No. 01–1012.

United States Court of Appeals, Sixth Circuit.

Aug. 9, 2001.

Before MOORE and COLE, Circuit Judges; FORESTER, District Judge.*

P. Edwin Melvin appeals a district court order granting summary judgment for the defendant in his wrongful termination action. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary and injunctive relief, Melvin sued his former employer, Knoll, Inc., in state court, alleging that the defendant wrongfully discharged him, violated his rights under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq., and violated his rights under Michigan's Elliott–Larsen Civil Rights Act, M.C.L. § 37.2202. The case subsequently was removed to federal court. The district court concluded that Melvin's claims were barred by the applicable statutes of limitations or were without merit, and the court granted summary judgment for the defendant. Melvin has filed a timely appeal.

Upon review, we conclude that the district court properly granted summary judgment for the defendant. This court reviews de novo a district court order granting summary judgment. *Davis v. Sodexho, Cumberland College Cafeteria,* 157 F.3d 460, 462 (6th Cir.1998). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *EEOC v. Prevo's Family Mkt., Inc.,* 135 F.3d 1089, 1093 (6th Cir.1998). Once the moving party has met its burden of production, the non-moving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. *Hall v. Tollett,* 128 F.3d 418, 422 (6th Cir.1997).

■ Melvin's wrongful discharge claim is barred by the applicable statute of limitations. Melvin began working for the defendant in 1993. Starting in 1995, Melvin was frequently absent from work. Although Melvin received several verbal and written warnings, as well as a three-day suspension, because of his frequent unexcused absences, his attendance at work did not improve. In January 1997, after Melvin again missed two days of work, the defendant fired him. Melvin filed this current action in May 1999.

■ We note that Melvin's wrongful discharge claim is construed as brought under § 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185. In general, if a state law claim brought by a union member plaintiff requires interpre-

* The Honorable Karl S. Forester, United States Chief District Judge for the Eastern District of Kentucky, sitting by designation.

tation of the governing collective bargaining agreement, § 301 demands preemption. *See Caterpillar Inc. v. Williams,* 482 U.S. 386, 394, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). It is undisputed that Melvin's claim is encompassed by § 301.

Melvin's § 301 claim is barred by the statute of limitations. Section 301 claims for breach of contract and wrongful discharge are governed by a six-month statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 169–72, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983); *Robinson v.. Cent. Brass Mfg. Co.,* 987 F.2d 1235, 1238 (6th Cir.1993). The statute of limitations begins to run when the plaintiff discovers the acts constituting the alleged violation. *Robinson,* 987 F.2d at 1239. In this case, Melvin was aware of his firing in January 1997, but he did not file suit until May 1999, well beyond the six-month period. Therefore, his wrongful discharge claim is untimely.

Melvin's FMLA claim also is untimely. A two-year statute of limitations applies to most claims under the FMLA, *see* 29 U.S.C. § 2617(c)(1), unless the plaintiff can show that the defendant willfully violated the FMLA, in which case a three-year statute applies. *See* 29 U.S.C. § .2617(c)(2). Melvin has not established that the defendant willfully violated the FMLA. Further, Melvin did not file his complaint within the two-year statutory period.

Lastly, the defendant has shown an absence of evidence to support Melvin's claim under Michigan's Elliott–Larsen Civil Rights Act. Even if it is assumed that Melvin has set forth a prima facie case of discrimination, the defendant has set forth a nondiscriminatory basis for his firing. *See Town v. Mich. Bell Tel. Co.,* 455 Mich. 688, 568 N.W.2d 64, 68 (1997). Melvin's chronic absences from work provided a sufficient basis for the defendant to terminate his employment. In response, Melvin has not presented any evidence showing that the defendant's proffered reason was pretextual. Consequently, the district court properly granted summary judgment to the defendant on this claim.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.