Mark HAEMMERLE, Plaintiff—Appellant,

v.

FRANKLIN LIFE INSURANCE CO. Defendant—Appellee

No. 00–4127.

United States Court of Appeals, Sixth Circuit.

Jan. 3, 2002.

Before KEITH, BOGGS, and MOORE, Circuit Judges.

PER CURIAM.

Mark Haemmerle (the "Plaintiff") of Columbus, Ohio, on behalf of his minor children, filed this common law breach of insurance contract action against the Defendant, The Franklin Life Insurance Company, of Springfield, Illinois ("Franklin Life"), in the Court of Common Pleas for Franklin County, Ohio. The Plaintiff sought $100,000 in damages, interest, and costs. Franklin Life moved for summary judgment, arguing that the insured, Karen Hammerle ("Mrs.Haemmerle"), failed to make a timely payment on the life insurance contract with Franklin Life, which caused the policy to lapse before her death. Franklin Life further maintained that Mrs. Haemmerle failed to properly reinstate the policy before her death, thereby terminating its obligation to pay the Plaintiff under the policy. The district court granted Franklin Life's motion. For the reasons set forth below, we AFFIRM the district court's decision.

## FACTS AND PROCEDURAL HISTORY

Mrs. Haemmerle purchased a life insurance policy from Franklin Life on September 9, 1988. The policy had a face value of $100,000 and named her natural children as beneficiaries. The Plaintiff is the natural father of those children. Mrs. Haemmerle paid her first premium on August 30, 1988 for the monthly period running from September 9, 1988 through October 8, 1988. Beginning in October 1988, Mrs. Haemmerle had her premium payments withdrawn on the seventh day of each month by automatic debit from her checking account.

In March 1996, Mrs. Haemmerle changed the date of automatic debit from the seventh to the twenty-fifth day of each month. Franklin Life allowed the policy owner to choose the automatic withdrawal date in consideration for choosing the automatic withdrawal option. At no time, however, did the effective date of the policy ever change. Thus, Mrs. Haemmerle's payments for each period were debited

sixteen days after the beginning of that coverage period.

On March 25, 1997, Franklin Life attempted to debit Mrs. Haemmerle's checking account for the policy's premium payment for the coverage period beginning March 9, 1997 and ending April 8, 1997. Mrs. Haemmerle, however, had insufficient funds in her account and Franklin Life did not receive the premium payment. On April 3, 1997, Franklin Life sent notice to Mrs. Haemmerle that the automatic debit had not been honored and that it would extend the time for payment of the premium to April 17, 1997.

Mrs. Haemmerle did not pay the premium until April 30, 1997 at a meeting that she had with a Franklin Life agent, Richard Deubner ("Deubner"). Deubner wrote on the check "April and May, 2 months premium" and mailed it to Franklin Life. Franklin Life mailed Mrs. Haemmerle a notice of lapse on May 2, 1997. Mrs. Haemmerle signed a reinstatement application on May 2, 1997. Because she omitted information on that application, she completed a new reinstatement application on June 17, 1997. As a condition precedent to the reinstatement, Franklin Life required Mrs. Haemmerle to undergo medical testing. Mrs. Haemmerle died on July 17, 1997 without undergoing the required testing.

The Plaintiff presented a claim to Franklin Life for the death benefits on behalf of his children, the policy beneficiaries, in July 1997. Franklin Life denied the claim and the Plaintiff sued to enforce the policy. The district court granted summary judgment for Franklin Life, ruling that the policy had lapsed and Mrs. Haemmerle had not fulfilled the conditions for reinstatement. The Plaintiff then brought the instant appeal.

**STANDARD OF REVIEW**

We review the district court's decision granting summary judgment *de novo,* using the same standards applied by the district court. *See Davis v. Sodexho Cumberland College Cafeteria,* 157 F.3d 460, 462 (6th Cir.1998); *Middleton v. Reynolds Metals Co.,* 963 F.2d 881, 882 (6th Cir. 1992). Summary judgment is proper if the evidence submitted shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See City Management Corp. v. U.S. Chemical Co.,* 43 F.3d 244, 250 (6th Cir.1994). We consider all facts and inferences drawn therefrom in the light most favorable to the non-moving party. *Id.* Nevertheless, a mere scintilla of evidence in support of the non-moving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The proper inquiry is whether the evidence is such that a reasonable jury could return the verdict for the non-movant. *Id.*

**ANALYSIS**

This case concerns the interpretation and application of an insurance contract and is before us based on diversity jurisdiction. Therefore, we are called upon to interpret Ohio contract law. *See First Fed. Sav. and Loan Ass'n v. Fidelity and Deposit Co. of Maryland,* 895 F.2d 254, 258 (6th Cir.1990). Our first inquiry is to determine whether the terms of the written contract are plain or ambiguous. *Adams v. LCI Inter. Telecom Corp.,* 2000 WL 1006043 (Ohio App.2000). Where the language of the contract is clear and unambiguous, any extrinsic evidence should be excluded and the court should look only to the four corners of the written contract to determine the plain and ordinary meaning of the terms it contains. *See Stevens*

*v. Nationwide Life Ins. Co.*, 1993 WL 120253 (Ohio App. 8 Dist.1993).

■ The pertinent phrase in Mrs. Haemmerle's insurance contract concerning lapse provides that:

A grace period of 31 days will be allowed for the payment of a premium.... If a premium is not paid by the end of the grace period, this policy will lapse. At lapse, the insurance under the policy will cease.[1]

It is undisputed that Mrs. Haemmerle did not pay her premium on March 25, 1997 as her account had insufficient funds for the automatic withdrawal. Therefore, the insurance premium was properly paid only through March 9, 1997. As the effective date of the policy never changed despite the change in the date of actual payment, the district court correctly ruled that the failed withdrawal caused the thirty-one-day grace period to run beginning on March 9th. The March 25th payment date was not an extension of when payment was considered due, but fell within the thirty-one-day grace period. Therefore, the policy would lapse on April 8th if the premium was not paid by then.

However, Franklin Life offered an additional grace period for payment ending April 17, 1997 by way of a notice letter. The letter stated that the premium would be considered paid if mailed and postmarked before April 17. Nonetheless, Mrs. Haemmerle did not make the payment until April 30th. Therefore, the policy lapsed.

The Plaintiff first argues that the payment due on March 25, 1997 was an advance payment for Mrs. Haemmerle's April coverage. Therefore, the grace period would not expire until May 9, 1997.[2] However, this argument clearly contradicts the undisputed payment history. While Franklin Life allowed a change in the premium payment dates in March 1996, the effective date of the policy never changed. Franklin Life was simply withdrawing the payments during the thirty-one-day grace period. Nothing in the contract or Ohio law prohibited such an action.

Next, citing Ohio Revised Code §§ 3915.05(A), (B), the Plaintiff argues that Mrs. Haemmerle's change of the premium payment date from the seventh to the twenty-fifth of each month also changed when the grace period would begin to run. However, as stated previously, nothing in the contract or Ohio law prohibits Franklin Life from permanently taking payments within the grace period, although after the due date. The payments were always due at the onset of each coverage period—the ninth of each month.[3]

■ Plaintiff also argues that Deubner's acceptance of the April 30th payment, on which he wrote the words "April and May, 2 months premium", was sufficient to maintain the policy. However, Deubner's beliefs and actions pertaining to the validity of the payment is not relevant. The policy clearly prohibited Deubner from changing the terms of a policy by allowing payment after a grace period had expired. It stated:

Only the President or Secretary of the Company can change or modify the contract. Changes must be in writing. Any change or modification in the contract can be made only with the written

---

1. This 31–day grace period overlaps the one-month grace period for premium payment mandated by Ohio law. *See* Ohio Revised Code § 3915.05(B).

2. 31 days from April 8.

3. Nevertheless, accepting Plaintiff's argument that the grace period began to run on March 25, Mrs. Haemmerle's April 30th payment still fell outside the grace period.

consent of the Owner. No agent or other person other than the above has the authority: (1) to change, modify, or waive any provision of this policy; (2) to extend the time for paying any premium.

The Plaintiff further argues that, by itself, Franklin Life's acceptance of Mrs. Haemmerle's April 30th check reinstated the policy. This, however, disregards the explicit contractual reinstatement requirement that "[e]vidence of insurability satisfactory to the Company" be put forward. Franklin Life notified Mrs. Haemmerle in the May 2, 1997 lapse notice that she would have to submit to further medical tests to satisfy this requirement. Mrs. Haemmerle never submitted to these tests. Consequently, she did not fulfill the requirements for reinstatement.

Finally, the Plaintiff claims that Franklin Life confused Mrs. Haemmerle and should be estopped from claiming that the grace period lapsed before April 30, 1997. Essentially, the Plaintiff claims that Franklin Life's April 3, 1997 letter notifying Mrs. Haemmerle of its inability to withdraw her premium due to insufficient funds and its one-time extension to pay the premium by April 17, 1997 caused Mrs. Haemmerle to believe that the grace period would run from the April 17th date. We find Plaintiff's contention to be without merit, as the April 3rd letter specifically stated that the grace period would terminate if the premium was not paid by April 17th. Therefore, the district court correctly ruled that she was not covered at the time of her death.

## CONCLUSION

For these reasons, we AFFIRM the district court's decision.