**Maurice ERBY, Plaintiff–Appellant,**

v.

**William RAY, Lieutenant MDOC agent at I–Max, et al., Defendants–Appellees.**

**No. 02–1197.**

United States Court of Appeals, Sixth Circuit.

Sept. 24, 2002.

Before KENNEDY and MOORE, Circuit Judges; DOWD, District Judge.*

### ORDER

Maurice Erby, proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

---

\* The Honorable David D. Dowd, Jr., United States District Judge for the Northern District of Ohio, sitting by designation.

Seeking monetary and equitable relief, Erby sued several prison guards (Ray, Higbie, Green, Spitzley, Pung, and Nuremberg) and a nurse (Sickler), claiming that: 1) the prison guards used excessive force against him when they extracted him from his cell; and 2) Sickler was deliberately indifferent to his serious medical needs when she treated him following the extraction. Upon review, the district court granted summary judgment to the defendants because Erby's claims lacked merit. Erby has filed a timely appeal, essentially reasserting his claims.

■ Upon review, we conclude that the district court properly granted summary judgment to the defendants. *See Davis v. Sodexho, Cumberland Coll. Cafeteria,* 157 F.3d 460, 462 (6th Cir.1998). First, the prison guards did not violate Erby's Eighth Amendment rights because the force used was applied in a good-faith effort to maintain or restore discipline, not to maliciously cause pain. *See Hudson v. McMillian,* 503 U.S. 1, 5–6, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). Here, Ray averred that Erby held his food slot hostage (i.e., refused to remove his hand from it), and that he repeatedly refused to comply with a direct order to remove his hand from the slot to permit prison officials to secure his cell door food slot. A response team was organized, and the team eventually used "gas" to subdue Erby and remove him from his cell. The team videotaped the extraction, and a review of the tape reflects that, although Erby suffered a laceration on his forehead as a result of the incident, the team used force in a good faith effort to secure Erby's cell, not for the very purpose of causing him any pain.

746

Second, Defendant Sickler was not deliberately indifferent to Erby's serious medical needs. In order to prevail on this claim, Erby must establish that Sickler was deliberately indifferent to his serious medical needs. *See Estelle v. Gamble,* 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). However, the Constitution does not prohibit medical malpractice. *Estelle,* 429 U.S. at 104. A difference in opinion between a prisoner and the medical staff about treatment does not state a cause of action. *Id.* at 107. This court is reluctant to second guess medical judgments where a prisoner has received some medical attention and the dispute concerns the adequacy of that treatment. *See Westlake v. Lucas,* 537 F.2d 857, 860 n. 5 (6th Cir.1976). Here, Sickler averred that she saw Erby following the incident and that the only injury she observed was a small laceration above his right eye. Moreover, she averred that the medical staff was prepared to provide Erby with treatment for the laceration, but that he refused any treatment.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.