Michael YOUNG, Plaintiff–Appellant,

v.

DAIMLERCHRYSLER CORPORATION, Defendant–Appellee.

No. 01–1172.

United States Court of Appeals, Sixth Circuit.

Nov. 22, 2002.

Before SILER and DAUGHTREY, Circuit Judges; and ALDRICH, District Judge.*

SILER, Circuit Judge.

Plaintiff Michael Young filed a claim against DaimlerChrysler Corporation ("DaimlerChrysler") alleging discrimination based on age and race in violation of the Age Discrimination in Employment Act of 1967, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1981. The district court granted summary judgment in favor of DaimlerChrysler. For the reasons that follow, we **AFFIRM** the district court's judgment.

## Background

In 1993, Young's long-term employment at General Motors Corporation was eliminated as a result of corporate downsizing.

He declined a separation package and was involuntarily dismissed. He submitted his application for employment with Daimler-Chrysler in April 1995. To be chosen from the pool of minimally qualified applicants (those who completed the screening process), a candidate's employment history must be free of "discharges from previous employment." On his employment application, Young wrote that his previous employment with General Motors ended when he was "Fired—'allegedly' due to a Michigan People Systems reorganization that eliminated my salaried management position."

In addition to applying for hourly employment, Young submitted his resume for several salaried positions, including production and maintenance supervisor positions. He also submitted unsolicited resumes to various individuals at Daimler-Chrysler. In keeping with DaimlerChrysler's procedure, the information contained in Young's unsolicited resumes was placed into a computerized database to be retained for six months from the date of entry. Young received a telephone interview regarding his resume that was submitted for the position of production supervisor at the Twinsburg, Ohio stamping plant in July 1996. He contends that the interviewer told him that he would be contacted for an additional interview. DaimlerChrysler disputes this fact and states that Young was not offered a personal interview or employment.

On October 6, 1998, after several unsuccessful attempts to gain employment, Young filed a formal complaint with the Michigan Department of Civil Rights and the Equal Employment Opportunity Commission ("EEOC") alleging age discrimination in his failure to be hired by Daimler-Chrysler. He did not indicate race was a

---

* The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

basis of his complaint on the EEOC Intake Questionnaire. In March 1999, the EEOC concluded its investigation and issued Young its determination and a notice of right to sue letter, stating it was "unable to conclude that the information obtained establishes violations of the statutes."

On May 28, 1999, Young filed a complaint in federal district court asserting federal and state claims of race and age discrimination. The district court dismissed the state claims and granted DaimlerChrysler's motion for summary judgment. It held that it lacked jurisdiction over Young's race discrimination claims because he failed to exhaust administrative remedies, the applicable statute of limitations period had expired, and Young failed to state a *prima facie* case of age discrimination.

### Standard of Review

This court reviews summary judgment decisions *de novo*. *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 462 (6th Cir.1998).

### Discussion

#### A. Scope of Review

The district court determined that Young's race discrimination claims, filed pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, were beyond the scope of the court's review because Young had not exhausted administrative remedies as required by law.[1] Although we review the district court's legal conclusions *de novo*, factual findings regarding lack of subject matter jurisdiction are reviewed only for clear error. *Ang v.*

*Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir.1991).

A plaintiff must timely file a charge of discrimination with the EEOC before filing a complaint in federal court. *See* 42 U.S.C. § 2000e–5(e); *Davis*, 157 F.3d at 463. The purpose of the filing requirement is to trigger an investigation, which gives notice of potential liability to an alleged wrongdoer and permits the EEOC to initiate conciliatory procedures in an attempt to avoid litigation in federal court. *Id.* (citing *EEOC v. Bailey*, 563 F.2d 439, 447 (6th Cir.1977)).

Recognizing that charges are frequently filed by lay complainants who are unfamiliar with formal pleading requirements, courts will also review any additional claims that "can reasonably be expected to grow out of the EEOC charge." *Davis*, 157 F.3d at 463. "Where facts related with respect to the charged claim would prompt the EEOC to investigate a different, uncharged claim, the plaintiff is not precluded from bringing suit on that claim." *Davis*, 157 F.3d at 463. Similarly, "[w]hen the EEOC investigation of one charge *in fact* reveals evidence of a different type of discrimination against the plaintiff, a lawsuit based on the newly understood claim will not be barred." *Id.* (emphasis in original). This more lenient rule, however, does not automatically expand the scope of review simply because a plaintiff can claim membership in more than one protected group. *See Ang*, 932 F.2d at 546.

In the instant case, Young concedes that he did not expressly allege race discrimination in his EEOC charge, but maintains

---

1. Although 42 U.S.C.A. § 1981, which provides a separate and independent basis of relief from Title VII, does not impose a requirement of administrative exhaustion, Young failed to raise this argument on appeal. Therefore, he has waived any argument that the district court erred in its treatment of his

§ 1981 claim. *See United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir.1996)("It a settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").

that his race discrimination claim grew out of the subsequent investigation. In support of his argument, he directs this court to the determination letter which reads:

However, like and related and growing out of this investigation, there is reasonable cause to believe that Respondent has violated Title VII of the Civil Rights Act, as amended, the Age Discrimination in Employment Act of 1967, as amended, the Equal Pay Act of 1963, as amended, and Title I of the Americans with Disabilities Act of 1990, as amended, with respect to mandatory arbitration and waiver of court rights with regards to the statute of limitations.

The inclusion of this boilerplate language, which references several laws clearly inapplicable to Young, falls short of the required showing necessary to establish that his claim reasonably grew out of the EEOC charge.

■ For a charge to grow out of an ensuing investigation, the plaintiff's EEOC charge must, at a minimum, relate *facts* that would prompt the EEOC to consider or investigate other forms of discrimination. *See Haithcock v. Frank,* 958 F.2d 671 (6th Cir.1992) (noting that plaintiff's complaint contained factual predicates that supported court review of allegations of race and disability discrimination). The facts set forth in Young's charge explicitly limit his allegation to that of age discrimination and there is no evidence to conclude that the EEOC uncovered facts that would suggest otherwise. *See Abeita v. Trans-America Mailings, Inc.,* 159 F.3d 246 (6th Cir.1998) (holding court did not have jurisdiction to hear plaintiff's retaliation claim where plaintiff did not check the retaliation box or describe anything that indicates such a claim in the EEOC complaint). Viewing the determination letter as a whole, it is clear that DaimlerChrysler was not given notice of Young's race discrimination claim nor did the EEOC con-

duct an investigation into this matter. Therefore, the district court properly limited its scope of review to the age discrimination claim.

## B. Statute of Limitations

Young also challenges the district court's determination that he failed to file his EEOC charge within the required time period and that the evidence failed to establish a continuing violation requiring equitable tolling of the limitation period. Young concedes that in order to maintain a claim for discrimination under the ADEA, he was required to file a formal notice of complaint with the EEOC within 300 days of the alleged wrongful act. 29 U.S.C. § 626(d). However, he maintains that because discrimination in the failure to hire context can only be "manifest as a composite of discriminatory acts over time," he did not discern DaimlerChrysler's discriminatory motives until long after he had completed the application process. Moreover, he argues that because he continued to be denied employment well into 1998, he experienced continual discrimination over time rather than a singular or isolated event, which is akin to the continuing violation doctrine.

The continuing violation theory is a narrow, limited exception to the running of the statute of limitations, which posits that "where there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period." *Haithcock,* 958 F.2d at 677–78. Continuing violations can take the form of either a longstanding policy of discrimination or evidence of present discriminatory actions taking place within the limitation period. *Dixon v. Anderson,* 928 F.2d 212, 216 (6th Cir.1991). In the failure to hire context, most continuing violations take the form of a longstanding discriminatory policy, which prevents gainful employment of a class of individuals. *See, e.g.,*

*Roberts v. North Am. Rockwell Corp.,* 650 F.2d 823, 827 (6th Cir.1981) (holding that an established policy of not hiring women prevented plaintiff from gaining employment on the many occasions that she applied, and therefore, amounted to a continuing violation of her rights).

In the instant case, Young has not presented any proof of a longstanding policy of age discrimination. To establish a longstanding policy of discrimination, the plaintiff must produce evidence of some "overarching policy of discrimination" against a class of individuals and not merely the occurrence of an isolated incident of discrimination. *See EEOC v. Penton Indus. Publ'g. Co.,* 851 F.2d 835 (6th Cir.1988) (declining to find a continuing violation where plaintiffs alleged nothing more than a single isolated incident and presented no evidence of a longstanding discriminatory policy).

Absent a longstanding policy of discrimination, a plaintiff must produce evidence of a present discriminatory act that falls within the limitations period to establish a continuing violation. In the failure to hire context, the alleged discriminatory act must be an incidence of a failure to hire or rejection from a meaningful employment opportunity. *See Damron v. Yellow Freight System, Inc.,* 18 F.Supp.2d 812, 828 (E.D.Tenn.1998), *aff'd,* 188 F.3d 506 (6th Cir.1999). In this regard, Young has failed to produce evidence of a discriminatory act within the 300–day limitations period.

■ The district court determined that Young was on notice of alleged discriminatory motives in 1996, well over 300 days before filing his EEOC complaint, when he participated in a telephone interview wherein he claims to have been told to expect an invitation for an additional in-person interview, but none was forthcoming. Young now contends on appeal, however, that he was unable to discern this discrimination because he received a letter indicating that he remained in the hourly applicant pool along with other qualified applicants in November 1996. Although Young may have interpreted this letter as a favorable response from DaimlerChrysler, thereby negating any earlier inference of discrimination, he has failed to produce evidence of an adverse employment decision or discriminatory act that took place within the 300–day limitation period. Thus, even if he was not aware of the alleged discrimination in November 1996, he cannot point to an act that alerted him thereafter which is now actionable.

Accordingly, for the reasons stated, Young's claim is time-barred. Because of that determination, there is no need to discuss the alternative grounds for denying relief.

**AFFIRMED.**