Annie M. CLARK, Plaintiff–Appellant,

v.

James E. HARBER, doing business as Harber's Market, Defendant–Appellee.

No. 02–5336.

United States Court of Appeals, Sixth Circuit.

Dec. 10, 2002.

Before ALAN E. NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

*ORDER*

Annie M. Clark appeals a district court judgment that dismissed her employment discrimination action filed, inter alia, under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Clark filed her complaint in the district court alleging that the defendant fired her from her job because of her disability, and because of her sex and age. Defendant moved for judgment on the pleadings, and plaintiff responded in opposition. The magistrate judge recommended that

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

Clark's sex and age discrimination claims be dismissed for lack of jurisdiction, and that Clark's ADA claim be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). Over Clark's objections, the district court adopted the magistrate judge's recommendation and entered judgment accordingly. Clark filed a timely notice of appeal. On appeal, Clark contends that: (1) she should be deemed to have exhausted administrative remedies with respect to her sex and age discrimination claims because she mentioned sex and age discrimination in her ADA discrimination administrative complaint; and (2) she is disabled for purposes of the ADA.

Upon de novo review, *see Duncan v. Rolm Mil–Spec Computers*, 917 F.2d 261, 263 (6th Cir.1990); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997), we affirm the judgment for the reasons stated in the magistrate judge's report and recommendation entered January 31, 2002, and adopted by the district court in its order entered February 21, 2002. First, the district court properly dismissed plaintiff's Title VII and Age Discrimination in Employment Act claims for failure to exhaust administrative remedies. *See Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 462–65 (6th Cir.1998); *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir.1992). Further, the district court properly dismissed plaintiff's ADA claim for failure to state a claim upon which relief can be granted because plaintiff cited nothing that rises to the level of a disability under the ADA. *See* 42 U.S.C. § 12102(2); *Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 193–96, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471,

482, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.