**John W. CROMER, JR.,**
**Plaintiff–Appellant,**

v.

**William DOMINGUEZ, et al.,**
**Defendants–Appellees.**

No. 03–2269.

United States Court of Appeals,
Sixth Circuit.

June 18, 2004.

tions Division, Lansing, MI, for Defendant–Appellee.

Before: KENNEDY and GILMAN, Circuit Judges; and SHADUR, District Judge.*

*ORDER*

John W. Cromer, Jr., a Michigan prisoner proceeding pro se, appeals a district court judgment dismissing his civil rights complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Cromer's 73–page complaint contains over 400 paragraphs and names 19 Michigan Department of Corrections ("MDOC") employees as defendants. The complaint, which is accompanied by 140 pages of exhibits, alleges that the defendants conspired to retaliate against Cromer for performing his duties as a "unit representative." The defendants are sued in their individual capacities.

On June 21, 2001, after screening the complaint pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii), Magistrate Judge Charles E. Binder recommended that the claims exhausted in grievance numbers SLF–0009–04567–17a, SLF–0009–04561–02g, and SLF 0009–04718–28h (due process claims regarding the alleged false disciplinary charge) be dismissed with prejudice for failure to state a claim upon which relief can be granted. He concluded that the claims were barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and *Edwards v. Bali-*

John W. Cromer, Jr., Muskegon, MI, pro se.

Mitchell J. Wood, Asst. Atty. General, Office of the Attorney General, Correc-

* The Honorable Milton I. Shadur, United States District Judge for the Northern District of Illinois, sitting by designation.

*sok,* 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997). On September 18, 2002, United States District Court Judge David M. Lawson adopted the recommendation and dismissed these claims, which were against defendants Dominguez, Sieffert, Rivard, and Garcia.

The report and recommendation also suggested dismissal without prejudice of Cromer's remaining claims for failure to exhaust administrative remedies, because although Cromer had attached to his complaint copies of four other grievances which were clearly exhausted through Step II, Cromer had failed to attach any Third Step Grievance Responses to demonstrate that he had completed the final step in the MDOC grievance process. Judge Lawson rejected this recommendation, finding that "the plaintiff has made a prima facie showing of exhaustion of all administrative remedies available to him." However, the order allowed for the possibility that the defendants could further pursue the issue by presenting evidence to rebut Cromer's prima facie showing. The defendants chose not to pursue the exhaustion issue, but rather filed a motion to dismiss or, in the alternative, a motion for summary judgment on the remaining claims. Cromer filed several documents in response to the motion, and the defendants filed a reply.

In a report and recommendation filed May 20, 2003, Magistrate Judge Binder recommended that several claims in the complaint be dismissed with prejudice for want of merit and that various other claims be dismissed without prejudice for "failure to comply with the exhaustion requirement of 42 U.S.C. § [1997]e(a)." Judge Lawson adopted the report in part, overruled Cromer's objections, granted the defendants' motion for summary judgment and dismissed the complaint. Judge Lawson dismissed those claims, which Magistrate Judge Binder deemed unexhausted,

for the same reasons that the exhausted claims were dismissed. This appeal followed.

We review de novo a district court's decision to dismiss under 28 U.S.C. §§ 1915(e), 1915A, and 42 U.S.C. § 1997e. *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir.1997). In determining whether a complaint fails to state a claim, this court construes the complaint in the light most favorable to the plaintiff, accepts his factual allegations as true, and determines whether he can prove any set of facts in support of his claims that would entitle him to relief. *Turker v. Ohio Dep't of Rehab., and Corr.,* 157 F.3d 453, 456 (6th Cir.1998).

We review de novo a district court's grant of summary judgment. *Davis v. Sodexho, Cumberland Coll. Cafeteria,* 157 F.3d 460, 462 (6th Cir.1998). Summary judgment is proper if no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *EEOC v. Prevo's Family Mkt., Inc.,* 135 F.3d 1089, 1093 (6th Cir.1998).

█ The district court held that Cromer's due process claims pertaining to the alleged false disciplinary charge were barred by the Supreme Court's decisions in *Edwards,* 520 U.S. at 648, and *Heck,* 512 U.S. at 486–87. However, while this was the law at the time the district court issued its decision, the Supreme Court has now held that *Heck* is not "implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence." *Muhammad v. Close,* —— U.S. ——, 124 S.Ct. 1303, 1304–06, 158 L.Ed.2d 32 (2004) (per curiam). *See also id.* at 1305 n. 1 ("The assumption is that the incarceration that matters under *Heck* is the incarceration ordered by the original judgment of conviction, not special disci-

plinary confinement for infraction of prison rules."). Therefore, Cromer's due process claims are not barred by *Heck* and *Edwards*.

But that does not mean that he prevails on appeal. Even though Cromer is not barred from bringing his due process claims in this civil rights action, he fails to state a claim upon which relief may be granted. False accusations of misconduct filed against an inmate do not constitute a deprivation of constitutional rights where the charges are subsequently adjudicated in a fair hearing. *See Cale v. Johnson,* 861 F.2d 943, 953 (6th Cir.1988) (Nelson, J., concurring); *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir.1986). Because Cromer was provided a due process hearing for the misconduct charge, his constitutional rights were not violated and he may not maintain a § 1983 claim for the alleged false misconduct report.

Upon further review, we conclude that summary judgment was proper on Cromer's retaliation claim. To state a First Amendment claim for retaliation, a plaintiff must establish that: 1) he engaged in protected conduct; 2) he suffered an adverse action which would deter a person of ordinary firmness from continuing to engage in the protected conduct; and 3) the adverse action was motivated at least in part by the protected conduct. *Thaddeus–X v. Blatter,* 175 F.3d 378, 394 (6th Cir.1999). The record fails to establish such a claim because Cromer has not established that he was engaging in protected First Amendment activity as a warden's forum representative. Cromer has no liberty or property interest in his position as a unit representative on the warden's forum. *See Hewitt v. Helms,* 459 U.S. 460, 471, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Furthermore, Cromer has no First Amendment right to represent other inmates in presenting their grievances absent a showing that "the inmate[s] receiv-

ing the assistance would otherwise be unable to pursue legal redress." *Herron v. Harrison,* 203 F.3d 410, 415 (6th Cir.2000). Cromer has not demonstrated that the inmates he represented on the warden's forum could not have been represented by another inmate, or that they could not bring any concerns they may have to the attention of prison officials without Cromer's assistance. Even if Cromer was engaged in protected conduct when he advised and assisted other prisoners in his capacity as unit representative, the complained of "adverse actions" were *de minimis* impositions which would not deter a person of ordinary firmness from continuing to serve as a unit representative. *Thaddeus–X,* 175 F.3d at 397–98.

The remaining arguments on appeal are without merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.