**Kevin LITTLE, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA, Defendant–Appellee.**

Nos. 02–6541, 03–5479.

United States Court of Appeals, Sixth Circuit.

July 9, 2004.

Before SILER and ROGERS, Circuit Judges; and FORESTER, Chief District Judge.*

PER CURIAM.

Kevin Little appeals the district court's grant of summary judgment on his § 1983 claim in which he alleged that defendant was deliberately indifferent to his medical needs. We affirm.

## BACKGROUND

Little, then fifteen years of age, was adjudicated delinquent in 1998 by the Juvenile Court of Memphis and Shelby County, Tennessee, placed under the care and supervision of the Youth Services Bureau, and sentenced to the Shelby Training Center (STC), a subdivision of Shelby County Government, operated by the sole remaining defendant in this action, Corrections Corporation of America (CCA). Little had a troubled history and had begun treatment at the age of thirteen for conduct

disorder and subsequently had been diagnosed with attention-deficit hyperactivity disorder and oppositional defiant disorder. Approximately one month before being placed in CCA's care, Little was hospitalized for three days for schizophreniform disorder and prescribed certain medication to control his behavior.

Upon intake at CCA, Little was subjected to a standard screening—pursuant to CCA's procedures—to ascertain Little's medical history, psychological and substance abuse history, and whether he was taking any medications. Little told the screening nurse that he had previously been seen for behavioral problems and had been prescribed medication but had stopped taking it because it made his head hurt.

The day after Little's sentencing, his mother called the STC director, John Manuel. She informed Manuel that her son had a serious medical condition and needed his medication, lest he be unable to control his behavior. She continued to call thereafter, speaking with other STC personnel about her son's situation.

Because he was not taking his medicine, Little was unable to conform his behavior to prison rules. His sentence, initially thirty days, turned into six months on account of disciplinary infractions. All this occurred while the pleas of Little's mother concerning her son's medication went unheeded.

Finally, Little underwent a mental health examination. After the examination, Little was prescribed the appropriate medication and his behavior thereafter improved dramatically. Two weeks later he was released and sent home.

Little later filed this action, naming as defendants CCA, the administrator of

---

* The Honorable Karl S. Forester, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

STC, the mayor of Shelby County, and Shelby County itself. Brought under 42 U.S.C. § 1983, the action asserted claims for "failure to protect," "deliberate indifference," "assault and battery," "intentional infliction of emotional distress," and "false imprisonment." The district court granted summary judgment and Little took this appeal. All defendants except for CCA have been dismissed and the subject matter of Little's appeal is limited to the municipal liability deliberate indifference claim.

## STANDARD OF REVIEW

We review the district court's decision granting summary judgment *de novo*, using the same standards applied by the district court. Summary judgment is proper if, considering all the facts and inferences drawn therefrom in the light most favorable to the non-moving party, there is no genuine issue of material fact and the non-moving party is entitled to judgment as a matter of law. *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 462 (6th Cir.1998).

## DISCUSSION

"In *Monell [v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ], the Supreme Court explained that municipal liability under section 1983 may only attach where the 'execution of a government's policy or custom ... inflicts the injury' complained of." *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir.2004). A plaintiff such as Little must therefore "prove two basic elements: (1) that a constitutional violation occurred; and (2) that [CCA] 'is responsible for that violation.'" *Id.* (quoting *Doe v. Claiborne County*, 103 F.3d 495, 505–506 (6th Cir. 1996)). Respecting this second element, "[a] plaintiff ... must 'identify the policy, connect the policy to [CCA] itself and show that the particular injury was incurred because of the execution of that policy.'" *Id.*

at 383 (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1994)).

■ Little's claim must fail because, in the first instance, he has not demonstrated a genuine issue of material fact as to whether a constitutional violation occurred. Although a State (or political subdivision thereof) has a constitutional obligation under the Eighth and Fourteenth Amendments to provide adequate medical care (*i.e.*, care that is not "deliberately indifferent to serious medical needs") to those whom it has incarcerated, *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and whereas to show deliberate indifference "it is not necessary that ... officials consciously sought to inflict pain by withholding treatment," *Molton v. City of Cleveland*, 839 F.2d 240, 243 (6th Cir.1988), "[m]ere negligence is not sufficient." *Hicks v. Frey*, 992 F.2d 1450, 1455 (6th Cir.1993). The official's conduct "must demonstrate deliberateness tantamount to an intention to punish." *Id.* (quoting *Molton*, 839 F.2d at 243). In this respect, Little's proof is wanting. At worst, Director Manuel was negligent in failing to follow-up his conversations with Little's mother regarding her son's treatment.

■ Little's claim must also fail because, even assuming a constitutional deprivation, he has not linked that constitutional violation to any policy or custom of CCA. The bottom line is that, even assuming that the conduct of Director Manuel in failing to follow-up the warnings of Little's mother may somehow be perceived as a violation of constitutional magnitude, Little has submitted no proof that Manuel's conduct was pursuant to a policy or custom of STC or CCA. Nor has Little directed the court to evidence showing that Manuel, or any other specific individual, is CCA's final policymaker with respect to the treatment of inmates. Stated differently, Little "never adduced evidence of a definitive

[CCA] policy, custom, or usage which was an affirmative link, the moving force that animated the behavior—the acts of commission or omission—of the [official] that resulted in the constitutional violations alleged." *Molton*, 839 F.2d at 246.

Little's brief also raises two other "issues": the district court further erred by (1) dismissing Little's state law supplemental claims without prejudice, and (2) denying his motion to include his discovery responses-in the appellate record. Both objections are without merit. Dismissal is the preferred course of action in this circumstance, and the district court's ruling on the contents of the record was soundly within its discretion.

**AFFIRMED.**