NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  05a0080n.06
Filed:  February 2, 2005

No. 03-6421

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


STEVEN T. ATWELL,                           )
                                            )
        Plaintiff-Appellant,                )
                                            )      ON APPEAL FROM THE UNITED
        v.                                  )      STATES DISTRICT COURT FOR
                                            )      THE WESTERN DISTRICT OF
HART COUNTY, KENTUCKY; HART COUNTY )                KENTUCKY
 FISCAL COURT; TERRY SHELTON; JIM  )
 STEWART; RONALD RIORDAN; FRANKLIN )
 TURNER; DON KESSINGER; BILL       )
 CARTMILL, individually and as Hart)
 County Jailer; BUSTER MAXEY,       )
 individually and as Deputy Jailer;)
 SHELBY DIXON, individually and as )
 Deputy Jailer; JASON PEDIGO,       )
 individually and as Deputy Jailer;)
 GREG GARDNER, individually and as )
 Deputy Jailer; ALICE COOPER RICH, )               OPINION
 individually and as Deputy Jailer;)
 TONY FIELDS, individually and as  )
 Deputy Jailer; STANLEY MURPHY;     )
 JERRY RAY GARDNER,                 )
                                            )
        Defendants-Appellees.       )


Before:  COOK and NORRIS, Circuit Judges; and BECKWITH,
         Chief District Judge*


SANDRA S. BECKWITH, Chief District Judge.  This appeal arises

from the district court's award of summary judgment to the

*Sandra S. Beckwith, Chief United States District Judge for the Southern District of Ohio, sitting by designation.
Appellees on claims related to Appellant Atwell's brief incarceration in the Hart County Jail in 2000. For the reasons that follow, we **AFFIRM**.

In April 2000, days after being diagnosed with paranoid schizophrenia, acute psychosis, impulse-control disorder, and polysubstance abuse, Appellant Atwell trespassed onto a golf course near his home. He was arrested and taken to the Hart County Jail, where he was placed in isolation. He acted consistently with his recent diagnoses, and, fearing for Mr. Atwell's safety, jail personnel sought an emergency hospitalization order. Upon obtaining the order, jail personnel transported Mr. Atwell to the Western State Hospital.

The transfer was not without event. Appellant Atwell resisted and fought with guards. They used a stun shield and pepper spray to subdue him and to effectuate the transfer. The altercation was recorded on videotape. It resulted in convictions for assault against Mr. Atwell.

Western State Hospital personnel increased the prescribed dosage for the medication being used to treat Mr. Atwell's mental illnesses and returned him to the Hart County Jail. There, he was again isolated and, according to all of the record evidence, refused to take his medication. He was uncooperative and injured himself. He suffered hallucinations and paranoid delusions. A

2

jail nurse recommended psychiatric care outside the jail. Jail personnel sought an order for such a transfer and, upon obtaining one, transferred Appellant Atwell to the Kentucky Correctional Psychiatric Center.

After being treated at the Psychiatric Center, Mr. Atwell remained incarcerated for several weeks. His claims relate to the period prior to that treatment, however.

They include claims under 42 U.S.C. § 1983 for the excessive use of force, denial of proper medical care, and failure to train jail personnel. Appellant Atwell also asserted that jail personnel discriminated against him and failed to make reasonable accommodation for his disability in violation of the Americans with Disabilities Act (the "ADA") and the parallel provisions of the Kentucky Civil Rights Act. Finally, Mr. Atwell asserted claims for assault and battery, outrage, and intentional infliction of emotional distress under Kentucky law.

Appellees moved for summary judgment, and the district court concluded that Appellant Atwell had failed to identify evidence in support of any of his claims. The court awarded judgment to the Appellees, prompting this appeal.

The parties are in substantial agreement as regards the applicable legal standards. While Appellant Atwell questions whether the district court chose the correct standard in addressing Appellant's claim that he was subjected to excessive

3

force, we have not failed to notice that the district court analyzed the claim in accordance with both of the arguably applicable standards and concluded that Appellant Atwell had not introduced evidence in satisfaction of either. We are convinced that the district court did not err in selecting the standards applicable to each of Appellant Atwell's claims. We "consider all facts and inferences drawn therefrom in the light most favorable to [Appellant]" and review the district court's conclusion that summary judgment with respect to all of Appellant Atwell's claims is appropriate in accordance with the *de novo* standard of review. Davis v. Sodexho, Cumberland College Cafeteria, 157 F.3d 460, 462 (6th Cir. 1998).

The district court properly concluded that the evidence of record could not support Appellant Atwell's allegation that personnel of the Hart County Jail used excessive force against him in the process of effectuating his transfer to the Western State Hospital. The Appellees' use of force was necessitated by Mr. Atwell's actions, and the evidence demonstrates unequivocally that the force used was only that necessary to maintain control and accomplish the legitimate purpose of moving Mr. Atwell in order to ensure that he received the appropriate medical care. The use of force was not punitive and was objectively reasonable. It did not, therefore, deprive Mr. Atwell of the protections of the Constitution. See Graham v. Connor, 490 U.S. 386, 395 n.10

4

(1989); <u>Bell v. Wolfish</u>, 441 U.S. 520, 535-39 (1979); <u>Phelps v. Coy</u>, 286 F.3d 295, 300 (6th Cir. 2002), <u>cert.</u> <u>denied</u>, 537 U.S. 1104 (2003).

Appellant Atwell also challenges the district court's conclusion that evidence of record could not support a finding that Appellees deprived him of proper medical care in violation of the Eighth Amendment. While the evidence amply demonstrates that Mr. Atwell had a serious medical need, nothing in the record suggests that the Appellees acted to deprive him of proper medical care for that need. Indeed, to the extent that the medication prescribed for him would have alleviated Mr. Atwell's mental health problems, the evidence of record demonstrates that the Appellees attempted to provide the medication to Mr. Atwell. If anyone was responsible for his failure to benefit from the medication, Appellant Atwell was. In light of the one-sided evidence identified by the parties, Mr. Atwell could not have proven deliberate indifference and, therefore, could not have established an Eighth Amendment violation. <u>See</u> <u>Horn by Parks v. Madison County Fiscal Court</u>, 22 F.3d 653, 660 (6th Cir.), <u>cert. denied</u>, 513 U.S. 873 (1994). The district court properly awarded Appellees summary judgment with respect to Appellant Atwell's claims that the Appellees deprived him of proper medical care.

The Appellant's remaining § 1983 claim is that certain of the Appellees failed to provide adequate training to Hart County

5

Jail personnel to prevent the violation of his constitutional rights. Having concluded that Mr. Atwell could not prove that any of his constitutional rights were violated by Hart County Jail personnel, the district court did not err by concluding that Appellant Atwell could not prove a failure to train in violation of the United States Constitution. See Watkins v. Battle Creek, 273 F.3d 682, 687 (6th Cir. 2001)(citing Los Angeles v. Heller, 475 U.S. 796, 799 (1986)).

In order to prove a violation of the ADA and the parallel provisions of the Kentucky Civil Rights Act in the context of detention in a county jail, Appellant Atwell would have been required to establish that he suffered from a physical or mental impairment that placed a "substantial" limitation on a major life activity, such as walking, seeing or hearing. Toyota v. Williams, 534 U.S. 184, 195-97 (2002). The limitation must be permanent or long-term. See id. at 198.

None of the evidence identified by Appellant Atwell in connection with his disability discrimination claims would have supported a finding that his mental impairments impose permanent or long-term limitations on any major life activity. The evidence that Mr. Atwell's impairments may be corrected or mitigated by medication is not disputed and, in this case, precludes his establishing that his impairments substantially limit him in a major life activity. See Sutton v. United Air

6

<u>Lines, Inc.</u>, 527 U.S. 471, 482 (1999). The district court did not err, therefore, in granting summary judgment to Appellees with respect to Appellant Atwell's claims under the ADA and the Kentucky Civil Rights Act.

Appellant Atwell also asserted claims under Kentucky law for assault and battery, outrage, and infliction of emotional distress. The district court granted Appellees summary judgment with respect to each of those claims.

Under Kentucky law, the torts of outrage and intentional infliction of emotional distress are premised upon extreme and outrageous conduct intentionally or recklessly causing emotional distress. <u>See</u> <u>Craft v. Rice</u>, 671 S.W.2d 247, 251 (Ky. 1984). In Appellant Atwell's case, the same evidentiary defects that prevent his establishing liability under the United States Constitution for his injuries also precludes recovery for outrage or intentional infliction of emotional distress.

Having concluded that the actions of the Hart County Jail personnel that are the basis of Appellant Atwell's assault and battery claim were objectively reasonable in the § 1983 context, we further conclude that Mr. Atwell could not prove his claim under Kentucky law. <u>See</u> <u>Fultz v. Whittaker</u>, 261 F.Supp.2d 767, 783 (W.D.Ky. 2003). The district court did not, therefore, err in granting summary judgment to Appellees with respect to Appellant Atwell's tort claims under Kentucky law.

7

For the foregoing reasons, we **AFFIRM** the district court's grant of summary judgment to Appellees on all of Appellant Atwell's claims.